**UNITED STATES of America, Appellee,**

v.

**Chike O. OBI, Defendant–Appellant.**

**No. 340, Docket 91–1200.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 22, 1991.

Decided Oct. 30, 1991.

Leonard J. Levenson, New York City, for defendant-appellant.

Mark S. Cohen, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Alan Vinegrad, Asst. U.S. Atty., of counsel), for appellee.

Before TIMBERS, WINTER and WALKER, Circuit Judges.

PER CURIAM:

Chike O. Obi appeals from a judgment of conviction after his plea of guilty to one count of importation of heroin in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(3) (1988), and 18 U.S.C. §§ 3551, et seq. (1988).

Appellant was sentenced to thirty-three months imprisonment, three years of supervised release and a fifty dollar special assessment.

Appellant contends that the district court erroneously set his base offense level. The presentence report determined that the weight of the heroin imported was 250 grams. The base offense level was, therefore, initially set at 26, pursuant to Guidelines' Section 2D1.1(a)(3). Further adjustments brought the level down to 20, which provided for a sentencing range of thirty-three to forty-one months. Obi claims this level is erroneous because he believed he was trafficking in cocaine rather than heroin at the time of the offense. We disagree.

At his plea allocution, Obi admitted that he swallowed forty-three balloons of heroin. Immediately thereafter, he referred to the contents of the balloons as "[a] drug." At his sentencing, Obi contended that he believed he was smuggling cocaine rather than heroin.

The district court correctly determined the base offense level according to the offense of conviction—unlawful importation of heroin into the United States. *See* U.S.S.G. § 1B1.2(a). In *United States v. Falu*, 776 F.2d 46 (2d Cir.1985), we rejected a due process challenge to the "schoolyard statute," 21 U.S.C. § 845a (1988), which provides for enhanced penalties for distributing drugs within 1000 feet of a school. *Falu* held that a defendant may be subject to the enhanced penalties whether or not he or she had knowledge of the proximity of a school. *Id.* at 49–50. We noted that this interpretation of section 845a(a) does not criminalize otherwise innocent conduct "since the statute incorporates section 841(a)(1), which already contains a *mens rea* requirement [for the distribution of narcotics]." *Id.* at 50. Similarly, we have held that an enhanced statutory penalty for possession of crack may be applied whether or not the defendant knew of the nature of the controlled substance, *see United States v. Collado-Gomez*, 834 F.2d 280 (2d Cir. 1987), *cert. denied*, 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988), and that statutory provisions varying sentences according to quantities of narcotics may be applied whether or not the defendant knew of the quantity involved, *see United States v. Pineda*, 847 F.2d 64 (2d Cir.1988).

The reasoning of these decisions is that the *mens rea* requirement concerning the possession of a controlled substance satisfies due process concerns and that Congress, for purposes of deterrence, intended that narcotics violators run the risk of sentencing enhancements concerning other circumstances surrounding the crime. That reasoning applies here.

Affirmed.