**UNITED STATES of America,**
**Appellee,**

v.

**Douglas PITCHER, also known as**
**Doug Pitcher, Defendant–**
**Appellant.**

**Docket No. 00–1222.**

United States Court of Appeals,
Second Circuit.

April 10, 2001.

Susan Kellman, New York, NY, for appellant.

Dwight Holton, Assistant United States Attorney, Eastern District of New York; Loretta E. Lynch, United States Attorney, and Emily Berger, Assistant United States Attorney, on the brief, for appellee.

Present OAKES, JACOBS, and PARKER, Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Douglas Pitcher challenges his conviction and sentence in the United States District Court for the Eastern District of New York for conspiracy to import heroin (21 U.S.C. § 963), conspiracy to possess heroin with intent to distribute (21 U.S.C. § 846), and importing heroin (21 U.S.C. § 952).

On appeal, Pitcher admits his participation in these offenses but argues that: 1) he would have pursued a cooperation agreement but for the ineffectiveness of his counsel; 2) counsel should have sought a special verdict concerning Pitcher's intent; and 3) the sentence should have been the statutory minimum based on the quantity of narcotics foreseeable by Pitcher.

■ 1. *Plea Negotiations.* The government "was interested in trying to sign [Pitcher] up as a cooperator from the beginning, and [this] was made clear to the defendant at the moment of his arrest;" but Pitcher proceeded to trial because, in his words, he "didn't think [he] was guilty" and "thought [he] had a good chance of winning." Any deficiency in counsel's ad-

vice on this subject is properly attributable to Pitcher's own dishonesty in dealing with his lawyer; Pitcher's counsel admitted that, "Had [he] realized ... the truth of what had actually occurred here before we went to trial, [he] never would have went to trial." *See, e.g., Tyson v. Keane,* 159 F.3d 732, 736–37 (2d Cir.1998) (holding that, absent a gross failure to investigate defendant's claims, it is not. ineffective counsel to rely on defendant's apparently truthful statements when determining trial strategy).

■ 2. *Special Verdict Form.* At trial, Pitcher claimed that he thought the objective of the conspiracy was to import a chemical used in the production of Ecstasy, not to import heroin. (Pitcher has since admitted that this was perjury, and now claims that he thought the imported drug would be cocaine.) Pitcher claims that his trial counsel should have requested a special verdict asking the jury to identify which drug Pitcher believed to be involved in the conspiracy.

The government needed to prove only that: i) the drug imported was heroin and ii) the defendant had the intent to import any controlled substance. *See United States v. Obi,* 947 F.2d 1031, 1032 (2d Cir.1991) (per curiam) (holding that defendant's claim that he thought he was importing cocaine when he was actually importing heroin was irrelevant); *United States v. Collado–Gomez,* 834 F.2d 280, 280–81 (2d Cir.1987) (per curiam) (holding enhanced penalty for possession of crack is applicable whether or not defendant knew the nature of the controlled substance). Pitcher does not dispute that the drug actually imported was heroin. At every relevant point, the charge properly advised that the jury needed to find that the conspiracy involved "heroin or any other controlled substance." The special verdict Pitcher seeks would have been irrelevant.

■ 3. *Sentencing.* Pitcher argues that, because of his minimal involvement in the conspiracy and his belief that narcotics other than heroin were involved, the court should have sentenced him on the basis of the lowest quantity of narcotics in the Sentencing Guidelines' Drug Quantity Table. The Pitcher relies on *United States v. Chalarca,* 95 F.3d 239, 242 (2d Cir.1996), in which this Court upheld a district court's decision to set the defendant's "offense level at the level representing the least amount of cocaine that appears in the Drug Quantity Table in the Sentencing Guidelines," as opposed to the level representing the amount actually involved in the crime.

*Chalarca* was based on the district court's finding that, although Chalarca conspired to distribute cocaine (and possess with intent to distribute), and "was at the scene of a drug transaction that was in progress ..., he had no knowledge of what was taking place there." *Id.* at 244, 245. Pitcher's case can be distinguished from *Chalarca* because Pitcher recruited the courier, helped him obtain a passport, and drove him to the airport.[1] Pitcher knew that the conspiracy involved narcotics, and helped convince the courier that the drug was Ecstasy, a narcotic that then carried comparatively moderate penalties. The district court's decision to take the entire amount of the heroin involved in Pitcher's crime into account was proper. *See id.* at 243 ("[T]he quantity of drugs attributed to

---

1. For instance, in *Chalarca* we distinguished *United States v. Lockhart,* 37 F.3d 1451, 1454 (10th Cir.1994), a case in which the defendant "drove the car ... to facilitate the transaction" and "knew that the purpose of the trip was to obtain cocaine," and suggested that, in those circumstances, departure from the sentencing guidelines would be reversible error. *Chalarca,* 95 F.3d at 243–44.

a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction.").

■ To support his claim that the sentencing judge should have treated his offenses as though they involved the minimum quantity of narcotics, Pitcher also relies on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362–63. Pitcher was sentenced under 21 U.S.C. § 960(b)(1) for importing more than one kilogram of heroin, which carries a statutory range of ten years to life in prison. If the quantity of heroin had not been taken into account, Pitcher would have been sentenced instead under § 960(b)(3), which carries a maximum of twenty years imprisonment, with no minimum. Pitcher was sentenced chiefly to 121 months imprisonment, the bottom of the applicable Sentencing Guidelines range. Because Pitcher was sentenced below the statutory maximum and because his sentence was not affected by the statutory minimum, *Apprendi* does not apply. *See United States v. Garcia*, 240 F.3d 180, 183–84 (2d Cir.2001).

Pitcher has also submitted several *pro se* supplemental briefs. We have reviewed the arguments contained therein and find them without merit.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.