UNITED STATES of America,
Appellee,

v.

Oscar WALDHEIM–TORON,
Defendant–Appellant.

No. 06–5899–cr.

United States Court of Appeals,
Second Circuit.

May 8, 2008.

Edward S. Zas, Federal Defenders of New York, Inc., New York, New York, for Defendant–Appellant.

Michael Q. English, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

SUMMARY ORDER

Waldheim–Toron ("Appellant") appeals from the December 27, 2006 judgment of

---

* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

the district court convicting him of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and imposing a sentence of ninety-six months' incarceration, three years' supervised release, and a special assessment of $100. We assume the parties' familiarity with the facts and proceedings in the district court.

We review sentencing decisions for reasonableness, asking "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) (alterations, internal quotation marks, and citation omitted). Appellant argues that his sentence is substantively unreasonable in light of the factors enumerated in 18 U.S.C. § 3553(a), his lack of a criminal history, the non-violent nature of the offense, and his acceptance of responsibility. He claims that a 60–month sentence would fulfill the goals of sentencing and constitute an adequate deterrent for himself and others.

We find Appellant's challenges unpersuasive. Appellant presented these arguments in a submission to the district court, and at sentencing the district court stated that it had reviewed that submission. The district court clearly considered Appellant's lack of a criminal history and the non-violent nature of his offense when it applied the "safety-valve" provision, 18 U.S.C. § 3553(f), to avoid the imposition of a mandatory minimum sentence. It also considered the "mitigating circumstances" presented by Appellant when deciding upon the sentence it eventually imposed. At the same time, the district court noted the seriousness of Appellant's offense and the fact that Appellant had engaged in illegal activity over a substantial period of time. Having considered these factors and Appellant's arguments, the district court found that a sentence of 96 months was "sufficient but not greater than necessary to promote the proper objects of sentencing." Appellant may disagree with that conclusion, but it is not unreasonable. *Fernandez*, 443 F.3d at 27 ("Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge.").

We have considered all of Appellant's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.