05-3182-pr
USA v. Pitcher

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: October 24, 2008)                                    Decided: March 11, 2009)

Docket No. 05-3182-cr

_____

United States of America,

*Respondent-Appellant*,

-*v.*-

Douglas Pitcher,

*Petitioner-Appellee.*

_____

BEFORE:      WESLEY, HALL, *Circuit Judges*, and OBERDORFER, *District Judge.*[*]

_____

Appeal from grant of Petitioner's 28 U.S.C. § 2255 motion to vacate sentence entered in the United States District Court for the Eastern District of New York (Trager, *J.*).  Following a jury trial, Petitioner was convicted of heroin trafficking related offenses.  The district court vacated Petitioner's sentence, finding that trial counsel was ineffective for providing Petitioner an unreasonably optimistic assessment of his chances of acquittal following trial.  The district court's holding is contrary to our previous ruling on direct appeal that any error in counsel's advice to his client resulted from Petitioner's own dishonesty in dealing with his attorney rather than from ineffective assistance.  We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

_____

FOR RESPONDENT-APPELLANT:      JO ANN M. NAVICKAS, (DAVID C. JAMES, *on the brief*), Assistant United States Attorneys, *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, New York, NY.

FOR DEFENDANT-APPELLEE:      JOHN J.E. MARKHAM, II, Boston, MA.

_____

[*] The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

_____

PER CURIAM:

The government appeals the order of the United States District Court for the Eastern District of New York (Trager, *J.*) granting Petitioner Douglas Pitcher's motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, due to defense counsel's ineffective assistance. *Pitcher v. United States*, 371 F. Supp. 2d 246, 258 (E.D.N.Y. 2005). On direct appeal, Pitcher raised, *inter alia*, an ineffective assistance of counsel claim. We rejected this claim and affirmed his conviction. *United States v. Pitcher*, 7 F. App'x 119, 2001 WL 356941 (2d Cir. 2001). We hold that the district court's finding in response to Petitioner's 28 U.S.C. § 2255 petition—that trial counsel provided ineffective assistance by giving Pitcher an unreasonably optimistic assessment of Pitcher's prospects at trial—is contrary to this Court's prior ruling on direct appeal. Accordingly, we reverse.

## BACKGROUND

In May 1998, Petitioner-appellee Douglas Pitcher was indicted for conspiracy to import heroin (21 U.S.C. § 963), conspiracy to possess heroin with intent to distribute (21 U.S.C. § 846), and importing heroin (21 U.S.C. § 952). Pitcher, who was not a newcomer to the criminal justice system, was represented by John Jacobs. Pitcher maintained his innocence and refused any government cooperation agreement that required him to plead guilty.[1] Following a jury trial

_____

[1] According to defense counsel's recollection of events, Pitcher "was not interested in cooperation and was adamant about his innocence. He steadfastly maintained that he did not commit the crimes for which he was indicted and absolutely refused to plead guilty."

2

in the Eastern District of New York, Pitcher was convicted in October 1998, of all three counts charged in the indictment.

After Pitcher's conviction, but before sentencing, another coconspirator, Mauricio Saenz, was arrested and began cooperating with the government. Saenz confirmed that Pitcher had been an active and knowing participant in the conspiracy to import heroin into the United States. Saenz's cooperation was relayed to Pitcher, who then met with the government in March 1999, and admitted to his involvement in the conspiracy.

In an April 1999 status conference held prior to sentencing, the district court asked Attorney Jacobs why Pitcher had gone to trial instead of pleading guilty. Jacobs explained that his client had lied to him "about significant things" related to his involvement in the conspiracy. He added, "Had I realized the defendant's – the truth of what had actually occurred here before we went to trial, I never would have went to trial." Pitcher also explained to the court why he had not "take[n] a shot at cooperation [with the government]": "I just didn't think that I was guilty. I thought I had a very good chance at winning, because in my eyes, I didn't see me being guilty." In June 1999 the district court appointed Susan Kellerman to replace Jacobs as Petitioner's attorney. The district court sentenced Pitcher, in March 2000, to 121 months' imprisonment.

On direct appeal, Pitcher admitted his participation in the charged offenses, but he argued that he would have pursued a cooperation agreement with the government but for the ineffectiveness of his counsel, who convinced him to spurn the government's efforts to sign him up as a cooperator. We rejected this argument in an April 10, 2001, summary order:

3

The government "was interested in trying to sign [Pitcher] up as a cooperator from the beginning, and [this] was made clear to the defendant at the moment of his arrest;" but Pitcher proceeded to trial because, in his words, he "didn't think [he] was guilty" and "thought [he] had a good chance of winning." Any deficiency in counsel's advice on this subject is properly attributable to Pitcher's own dishonesty in dealing with his lawyer; Pitcher's counsel admitted that, "Had [he] realized . . . the truth of what had actually occurred here before we went to trial, [he] never would have [gone] to trial."

*United States v. Pitcher*, 7 F. App'x 119, 120-21, 2001 WL 356941 at *1 (2d Cir. 2001).

Pitcher then filed his § 2255 petition in the district court, seeking to vacate his sentence on the ground that he would have received a significantly shorter sentence had trial counsel not misinformed him about the benefits of cooperation and the risks he faced by proceeding to trial. The district court held an evidentiary hearing in July 2004. At the hearing Jacobs testified he explored with Pitcher the possibility of cooperation but Pitcher had vigorously asserted his innocence.

In June 2005, the district court granted Pitcher's motion, vacated his 121-month sentence, and resentenced him to time served. *Pitcher v. United States*, 371 F. Supp. 2d 246, 265 (E.D.N.Y. 2005). The district court found that Jacobs had provided Pitcher an overly optimistic assessment of his trial prospects. *Id*. at 262 ("[T]here appears to be no reasonable basis upon which a competent defense attorney would have reached the conclusion that petitioner had a 'winnable' case."). As a result, the district court concluded that Jacobs's performance had been constitutionally deficient and that this had prejudiced Pitcher's defense. *Id*. at 262-63.

4

The district court acknowledged that Pitcher lied to Jacobs about his involvement in the charged offenses, but the court found that this did not absolve Jacobs of his responsibility to persuade Pitcher to accept the government's offer:

> Although [Pitcher] did lie to his attorney, there is no basis for assuming he would have stuck to this story if Jacobs had provided reasonable advice concerning the serious danger of conviction and the comparative advantages of cooperation. Jacobs, by unreasonably telling [Pitcher] that his story was a good one, . . . and that the government's case was weak, gave [Pitcher] precious little incentive to say anything else.

*Id.* at 263.

The district court held that Pitcher's ineffective assistance claim in his petition was not procedurally barred by this Court's summary order dispatching Pitcher's direct appeal because the specific ineffective assistance claim made in the petition was "analytically distinct" from the claim brought on direct appeal. *Id*. at 264.

The United States appeals.

## DISCUSSION

We review a district court's findings of fact for clear error, and its grant of a § 2255 petition *de novo*. *Rega v. United States*, 263 F.3d 18, 21 (2d Cir. 2001). A federal court may not vacate a sentence of a prisoner in federal custody unless it "was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Sixth Amendment right to effective counsel attaches at all "critical stage[s]" of the case following the "formal initiation of

5

adversary judicial proceedings." *Moran v. Burbine*, 475 U.S. 412, 429, 432 (1986). "It is well settled that a defendant's Sixth Amendment right to counsel extends to plea negotiations." *Davis v. Greiner*, 428 F.3d 81, 87 (2d Cir. 2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

On appeal, the government argues that Petitioner's claim of ineffective assistance of counsel is barred by our previous finding on direct appeal that trial counsel was not ineffective. We agree. "It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001) (quoting *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992)); *see also Douglas v. United States*, 13 F.3d 43, 46 (2d Cir. 1993) ("[A]ny claim raised by [petitioner] . . . that was also raised . . . on direct appeal of his conviction is precluded from consideration by this Court."). A claim is not barred from being brought in a § 2255 motion where it rests upon a different legal "ground" for relief than the one previously raised. *See Williams v. United States*, 731 F.2d 138, 141-42 (2d Cir. 1984).

The Supreme Court has explained the meaning of "ground":

> [W]e mean simply a sufficient legal basis for granting the relief sought by the applicant. For example, the contention that an

6

involuntary confession was admitted in evidence against him is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different "ground" than does one predicated on alleged physical coercion. In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, or be couched in different language, or vary in immaterial respects. Should doubts arise in particular cases as to whether two grounds are different or the same, they should be resolved in favor of the applicant.

*Sanders v. United States*, 373 U.S. 1, 16 (1963) (internal citations omitted). The district court concluded that Pitcher's *habeas* claim rested on a separate legal ground, one that is "analytically distinct," from his ineffective assistance claim brought on direct appeal. *Pitcher*, 371 F. Supp. 2d at 264. This determination was in error. In his § 2255 petition, Pitcher "may not now contend that counsel was deficient . . . because that ground was substantially argued to, and rejected by, this court on [Petitioner's] direct appeal." *Riascos-Prado v. United States*, 66 F.3d 30, 34 (2d Cir. 1995). The ineffective assistance claim made in the § 2255 petition, premised on Jacobs having provided Pitcher an overly optimistic assessment of his chances at trial (thus, encouraging him to reject the government's attempts to sign him up as a cooperator) is simply the inverse of the argument Pitcher made on direct appeal—that Attorney Jacobs was ineffective for discouraging his client from cooperating with the government. Both of these arguments are premised on the same facts and rest on the same legal ground. At the very least, the argument made in Pitcher's § 2255 petition is precluded because it is "simply a slightly altered rearticulation of a claim that was rejected on his direct appeal." *Riascos-Prado*, 66 F.3d at 34.

7

In reaching its decision that Petitioner's claim rests upon a legal ground different from the one brought on direct appeal, the district court found that Pitcher's § 2255 claim: "could not have been raised without an opportunity to gather evidence regarding the bases of Jacobs' assessment [of Pitcher's prospects of winning at trial], which could only take place, and did only take place, in conjunction with the instant *habeas* petition." *Pitcher*, 371 F. Supp. 2d at 264. We disagree. On direct appeal we dispatched Petitioner's first claim of ineffective assistance because the facts then available made resolution of his claim clear beyond any doubt. *See United States v. Khedr*, 343 F.3d 96, 99-100 (2d Cir. 2003) (noting that although "we have a baseline aversion to resolving ineffectiveness claims on direct review," we will resolve such claims brought for the first time on direct appeal when "their resolution is beyond any doubt" or when doing so "would be in the interest of justice." (internal quotations omitted)). The same logic applies here. No further fact-finding was necessary given that Jacobs explained to the court in an April 14, 1999 status conference held prior to sentencing that Pitcher, who had only recently admitted his involvement in the conspiracy, had lied to him "about significant things" related to his involvement in the conspiracy and "[h]ad I realized the defendant's – the truth of what had actually occurred here before we went to trial, I never would have went [sic] to trial." At the same status conference, Petitioner admitted to the court that he thought he had "a very good chance at winning" because he "didn't think [he] was guilty."

These facts make clear that Jacobs would not have given Pitcher such a "positive prognosis about his chances of winning at trial," *Pitcher*, 371 F. Supp. 2d at 257, had Pitcher not lied to him about his involvement in the charged offenses. Our holding on direct appeal—that "[a]ny deficiency in counsel's advice on this subject is properly attributable to Pitcher's own

8

dishonesty in dealing with his lawyer"—applies equally to the reiterated ineffective assistance claim made here. *Pitcher*, 7 F. App'x at 120-21. Because this ground was already litigated and resolved on direct appeal, it cannot be relitigated as part of Pitcher's § 2255 petition. *See Sanin*, 252 F.3d at 83.

Although we reverse on the grounds stated, we add that we are wary of endorsing any precedent that could enable a defendant to benefit from lying to his defense counsel or that might suggest a duty on the part of defense counsel to arm-twist a client who maintains his innocence into pleading guilty. *See Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000) ("[T]he ultimate decision whether to plead guilty must be made by the defendant. And a lawyer must take care not to coerce a client into either accepting or rejecting a plea offer.").

**CONCLUSION**

For the reasons stated herein, the judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.