Roberto [1] MENDOZA, Petitioner–Appellant,

v.

John KEANE, Respondent–Appellee.

No. 06–5197–pr.

United States Court of Appeals, Second Circuit.

May 12, 2009.

1. We direct the Clerk of Court to amend the official caption to reflect this spelling of Mendoza's first name.

Lisa Napoli, of Counsel (Lynn W.L. Fahey, on the brief), Appellate Advocates, New York, NY, for Petitioner–Appellant.

Johnnette Traill, Assistant District Attorney, of Counsel (John M. Castellano, Emil Bricker, Assistant District Attorneys, Of Counsel, on the brief), for Richard A. Brown, Queens County District Attorney, Kew Gardens, NY, for Respondent–Appellee.

Present DENNIS JACOBS, Chief Judge, ROSEMARY S. POOLER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner–Appellant Roberto Mendoza appeals from an October 23, 2006 order entered in the United States District Court for the Eastern District of New York denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mendoza was convicted in Queens County, New York, of Second Degree Murder and related offenses. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews a district court's legal conclusions in denying a habeas corpus petition de novo and its factual findings for clear error. Drake v. Portuondo, 553 F.3d 230, 239 (2d Cir.2009). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Mendoza is entitled to habeas corpus relief only if the State court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Factual issues determined by the State court are presumed to be correct and Mendoza bears the burden of rebutting this presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Drake, 553 F.3d at 239.

Mendoza, who speaks Spanish but not English, argues that he was denied the effective assistance of counsel when the trial court failed to provide sufficient access to an interpreter. "To prevail on a claim of ineffective assistance of counsel, [Mendoza] must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." United States v. Pitcher, 559 F.3d 120, 123 (2d Cir.2009) (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

In reviewing Mendoza's ineffective assistance claim, the State court found "that the defendant had adequate opportunities to determine trial strategy and confer with counsel prior to and at the time of trial." The State court also determined that "[d]efendant's current attempt to explain his conviction by pointing to the inability to communicate with his trial counsel appears to be a recent fabrication, unsupported by the record."

Mendoza has not discharged his burden of showing, by clear and convincing evidence, that the State court's factual findings were erroneous. To the contrary, the two discussions in the record involving requests for an interpreter ended with the trial court providing one; and counsel never objected that he was unprepared to proceed to trial because of an inadequate opportunity to consult with Mendoza.

Mendoza points to specific deficiencies in his attorney's performance, including a failure to consult with him about testifying, interview potential witnesses, or conduct

adequate cross-examination at trial. We agree with the district court that, even if Mendoza could show that his attorney's performance fell below an objective standard of reasonableness, he could not establish prejudice under *Strickland. See United States v. Guang,* 511 F.3d 110, 120 (2d Cir.2007) ("[T]his court need not consider the objective reasonableness of counsel's actions" where "the defendant[ ] cannot show prejudice" (quoting *United States v. Birkin,* 366 F.3d 95, 101 (2d Cir.2004))). Nor is this a case in which prejudice can be presumed.[2]

Most of the evidence Mendoza alleges he would have introduced, but for counsel's shortcomings, concerns collateral matters and witness credibility. And the testimony that Mendoza alleges he would have offered if properly counseled could have instead bolstered the prosecution's case. Thus, Mendoza's affidavit avers that at the time of the murder, he was alone with the accomplice who later confessed to committing the crime with Mendoza, and whom witnesses described seeing at the murder scene with a man matching Mendoza's description. While Mendoza alleges that the two men were far from the crime scene, a jury could disbelieve that statement and view Mendoza's testimony as evidence of guilt.

Mendoza also argues that he was denied his right to equal protection be-cause of his inability to speak English. The State court found that Mendoza's equal protection claim was "belied by the record." Mendoza presents no evidence that warrants disturbing the State court's finding.

Mendoza's equal protection claim is premised on the deprivation of access to an interpreter. However, the State court's finding that such access was provided precludes this Court from granting relief. We do not reach the question of whether denying an interpreter for pretrial preparation would violate "clearly established ... Supreme Court" precedent. 28 U.S.C. § 2254(d)(1).

We have considered Mendoza's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

---

2. Mendoza argues that prejudice should be presumed because his "counsel entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing," *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Bell v. Cone,* 535 U.S. 685, 696–97, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), as a result of his inability to communicate with Mendoza, and/or that he was constructively denied counsel during a "critical stage" of the trial, *see Bell,* 535 U.S. at 695–96, 122 S.Ct. 1843. *See also Torres v. Donnelly,* 554 F.3d 322, 325 (2d Cir.2009) (stating that where a defendant demonstrates "actual or constructive denial of assistance of counsel ... [or] state interference with counsel's assistance ... prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost." (quoting *Strickland,* 466 U.S. at 692, 104 S.Ct. 2052)). We reject this argument because (1) the State court found that Mendoza had access to an interpreter, and (2) counsel played a substantial and active role in the case before and during trial.