Oscar **WALDHEIM–TORON,**
Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. 09 Civ. 4803 (VM).

United States District Court,
S.D. New York.

June 26, 2009.

Oscar Waldheim–Toron, pro se.

*DECISION AND ORDER*

VICTOR MARRERO, District Judge.

*Pro se* petitioner Oscar Waldheim–Toron ("Waldeim–Toron") filed this petition

to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Waldheim–Toron pled guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. He was sentenced to 96 months of incarceration and three years of supervised release. On appeal to the Second Circuit he argued that his sentence was substantively unreasonable in view of the considerations listed in 18 U.S.C. § 3553(a), his lack of criminal record and acceptance of responsibility. He also claimed that a 60–month sentence would have been sufficient to satisfy the purposes of sentencing. The Circuit Court rejected the appeal and affirmed the sentence. *See United States v. Waldheim–Toron,* 276 Fed.Appx. 100 (2d Cir.2008).

As grounds for relief in the instant petition, Waldheim–Toron asserts ineffective assistance of counsel at sentencing and on appeal. His claim is based on counsel's alleged failure to raise objections to the Court's "unsubstantiated" characterization of Waldheim–Toron, in connection with its denial of a downward departure from the range of imprisonment recommended by the Sentencing Guidelines, as a "substantial player" and of his offense as "very serious."

■ Upon review, the Court finds that the petition and the tiles and records of this case show conclusively that Waldheim–Toron is entitled to no relief. *See* 28 U.S.C. § 2255(b). The Court finds more than ample grounds to support its observations that a conviction on a narcotics conspiracy charge regarding conduct occurring over a substantial period of time and involving a quantity in excess of five kilograms of cocaine constitutes a serious crime, and that Waldheim–Toron was a substantial player in the offense. Under the record before the Court at sentencing, the Court fully considered all relevant mitigating circumstances and determined that no reasonable basis existed to warrant a downward departure—a matter entirely within the sound discretion of the Court. *See United States v. Cavera,* 550 F.3d 180, 193–94 (2d Cir.2008).

■ Defense counsel is not obligated to raise objections that under the circumstances would be frivolous. *See United States v. Cohen,* 427 F.3d 164, 170 (2d Cir.2005). Failure to raise meritless arguments cannot be grounds to support a claim for ineffective assistance of counsel under the test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See United States v. Arena,* 180 F.3d 380, 396 (2d Cir.1999).

■ Moreover, the Circuit Court has already rejected Waldheim–Toron's appeal challenging his 96–month sentence. Specifically, the Circuit Court found the sentence not unreasonable in light of the considerations the sentencing court took into account. Implicit in Waldheim–Toron's complaint about his counsel's performance is the very claim this Court and the Court of Appeals denied, namely that he was somehow entitled to a downward departure and thus a lower sentence. To this extent, Waldheim–Toron's petition is tantamount to an impermissible collateral attack seeking to undo the appellate decision. *See United States v. Pitcher,* 559 F.3d 120, 123 (2d Cir.2009).

The petition is denied. The Clerk of the Court is directed to close this case.

**SO ORDERED.**