09-2010-cr
United States v. Jackson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand ten.

PRESENT: PIERRE N. LEVAL,
         ROBERT D. SACK,
         RICHARD C. WESLEY,
              *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

         -v.-                          09-2010-cr

KASHAWN JACKSON,

                    *Defendant-Appellant.*\*

_____

FOR APPELLANT:    RICHARD I. ROSENKRANZ, Law Office of
                  Richard I. Rosenkranz, Brooklyn, New
                  York.

FOR APPELLEE:     WILLIAM P. CAMPOS, Assistant United
                  States Attorney, Of Counsel (David C.
                  James, Assistant United States Attorney,

---

\* The Clerk of the Court is respectfully directed to amend the official caption in this action as set forth above.

Of Counsel, *on the brief*), *for* Benton J. Campbell, United States Attorney, United States Attorneys Office for the Eastern District of New York, Central Islip, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Platt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that appellant's motion for a certificate of appealability is **DENIED** and his appeal is **DISMISSED**.

Appellant, Kashawn Jackson, appeals from an April 30, 2009 order of the United States District Court for the Eastern District of New York, denying his petition under 28 U.S.C. § 2255 and his motion under 18 U.S.C. § 3582(c)(2). On May 9, 2005, Jackson pled guilty to possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On October 21, 2005, the court sentenced Jackson principally to a ten-year term of imprisonment, to be followed by eight years of supervised release. On direct appeal, this Court affirmed the judgment of conviction and the sentence entered in the district court. *United States v. Jackson*, 504 F.3d 250 (2d Cir. 2007) (per curiam). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

-2-

When no express request for a certificate of appealability is filed, this Court may exercise its discretion to construe a notice of appeal as constituting such a request. *See, e.g.*, *Smith v. Duncan*, 411 F.3d 340, 346 (2d Cir. 2005). However, "there is no need to grant a certificate of appealability for the purpose of determining whether to grant a certificate of appealability." *Eltayib v. United States*, 294 F.3d 397, 398 n.2 (2d Cir. 2002). When, as in this case, it is clear that the applicant has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the certificate should be denied and the appeal should be dismissed. *See Contino v. United States*, 535 F.3d 124, 127-28 (2d Cir. 2008).

Appellant may not use the vehicle of a petition brought pursuant to § 2255 to "relitigate questions which were raised and considered on direct appeal." *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (internal quotation marks omitted) (per curiam). Appellant filed a *pro se* supplemental brief in his direct appeal to this Court in which he raised an ineffective assistance of counsel claim based on his attorney's allegedly deficient

performance at the time of his sentencing.  This Court rejected appellant's *pro se* arguments as meritless. *Jackson*, 504 F.3d at 253-54.  In any event, appellant has not met his burden of demonstrating that his former-counsel's representation at the sentencing proceeding "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  Nor can he prove that "any deficiencies in counsel's performance" resulted in prejudice. *Id.* at 692.  To the contrary, in response to questioning by the district judge, Jackson acknowledged that he was satisfied with his then-counsel's performance.

Before this Court, appellant now argues that he received ineffective assistance of counsel at the time of his guilty plea.  This ineffectiveness claim is based on his attorney's alleged failure to advise him to offer to plead guilty to intent to distribute something less than five grams of cocaine base, in light of his contention that he would have consumed a portion of the drugs found in his possession.  Because appellant did not raise this claim in his § 2255 petition before the district court, we decline to consider it. *See United States v. Triestman*, 178 F.3d 624, 633 (2d Cir. 1999).

The district court properly rejected appellant's motion for a reduction of his sentence, brought under 18 U.S.C. § 3582(c)(2). Jackson was "ineligible for a modification of his sentence under § 3582(c)(2) because his sentence was based on the statutory mandatory minimum." *United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009). Appellant's counsel conceded this point in a letter to the district court dated May 9, 2008.

We have considered each of appellant's arguments and find them to be either without merit or waived. Accordingly, appellant's motion for a certificate of appealability is **DENIED** and his appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk