16-1112-cr
*United States v. Santillan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of August, two thousand eighteen.

PRESENT:   JOHN M. WALKER, JR.,
          ROSEMARY S. POOLER,
                    *Circuit Judges,*
          GEOFFREY W. CRAWFORD,
                    *District Judge.**

---

UNITED STATES OF AMERICA,
          *Appellee,*                    16-1112-cr

          v.

HECTOR SANTILLAN (AKA "BANE"),
          *Defendant-Appellant,*

---

\* Judge Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

JUNIOR RIVERA-VASQUEZ,

*Defendant.* \*\*

---

**FOR APPELLEE:** KRISTY J. GREENBERG, Assistant United States Attorney (Noah Solowiejczyk, Michael Ferrara, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:** MICHELLE ANDERSON BARTH, Law Office of Michelle Anderson Barth, Burlington, VT.

Hector Santillan, Ayer, MA, *pro se*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment of conviction and sentence is **AFFIRMED.**

Defendant-Appellant Hector Santillan appeals from a judgment of conviction and sentence entered on March 28, 2016, after a jury found him guilty of participating in a conspiracy to distribute or possess with intent to distribute heroin, oxycodone, and cocaine, and distributing and possessing with intent to distribute 500 grams or more of cocaine. The district court sentenced Santillan principally to 151 months' imprisonment.

---

\*\* The Clerk of Court is directed to amend the caption to conform to the above.

2

On appeal, Santillan argues that we should vacate his conviction and sentence because the district court erred by: (1) denying his motion to suppress evidence seized from a vehicle in which he was a passenger; (2) denying his motion to suppress evidence seized from his person and statements he made during the course of the vehicle stop; (3) permitting the government to vouch for its cooperating witness, Junior Rivera-Vasquez, in direct examination and during closing arguments; and (4) incorrectly calculating his sentencing guidelines range by adopting drug amounts that were not supported by the record. In addition, Santillan, acting *pro se*, argues that the district court erred by inappropriately enhancing his sentence based on possession of a rifle and an attempted kidnapping, and that his trial counsel was ineffective for failing to request a minimal- or minor-role adjustment or a downward departure based on Santillan's physical and medical conditions. The first two issues, concerning whether evidence obtained over the course of the vehicle stop and search should be suppressed, are resolved by an opinion issued simultaneously with this summary order. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

**1.    The District Court Did Not Err in Allowing the Government to Bolster a Witness Whose Credibility Had Been Attacked.**

Santillan argues that prosecutors impermissibly vouched for Rivera-Vasquez's credibility on direct questioning and during summation. When reviewing claims of prosecutorial misconduct based on inappropriate remarks, we reverse if the misconduct caused "substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 95 (2d Cir. 2014). In assessing whether prosecutorial misconduct caused "substantial prejudice," we use a three-part test, analyzing the "severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction

3

absent the misconduct." *Id.* Where, as here, defense counsel fails to timely object to the prosecutor's questions eliciting the truth-telling provisions of a plea agreement or summation, we review for plain error.[1] *See United States v. Gaind*, 31 F.3d 73, 76 (2d Cir. 1994). Plain error requires: (1) error; (2) that is plain; (3) that affects substantial rights and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Certified Envtl. Servs.*, 753 F.3d at 96.

Santillan has not shown plain error. First, Santillan's counsel opened the door to rehabilitating Rivera-Vasquez's credibility by attacking it in opening remarks. *See, e.g.,* J.A. 394–95. This opening permitted the government to introduce aspects of Rivera-Vasquez's cooperation agreement on direct examination. *See Certified Envtl. Servs.*, 753 F.3d at 86. Second, reviewing the record as a whole, we hold that no substantial prejudice occurred as a result of the government's references to Rivera-Vasquez's obligation to the tell the truth. The government was permitted to explain Rivera-Vasquez's incentives to tell the truth, and its summation did no more than encourage the jury to draw the reasonable inference that Rivera-Vasquez's cooperation agreement required him to tell the truth in order to receive the benefits of cooperation. *See United States v. Carr*, 424 F.3d 213, 228–29 (2d Cir. 2005). Any references to whether Rivera-Vasquez was telling the truth at trial, even though he had lied in the past, failed to rise to the level of cumulative, pervasive, intentional errors constituting severe prosecutorial misconduct of the sort that would require a new trial. *See Certified Envtl. Servs.*, 753 F.3d at 95–96; *United States v. Parker*, 903 F.2d 91, 100–01 (2d Cir. 1990).

---

[1] Santillan does not contest that this challenge is subject to plain error review, although he also notes that his counsel at one point objected to the government's phrasing of a question regarding when Rivera-Vasquez told the government "the truth." Br. of Defendant-Appellant at 15 n.5 (citing J.A. 547).

Having concluded that any prosecutorial misconduct that did occur was not severe and did not deny Santillan's right to a fair trial, and that the district court took appropriate measures to cure or prevent any misconduct, *United States v. Banki*, 685 F.3d 99, 120 (2d Cir. 2012) (as amended), we deny Santillan's challenge to his conviction on these grounds.

**2.** **The District Court Did Not Err in its Sentencing Guidelines Calculations or in Failing to Make a Sufficient Record for our Review.**

Santillan's presentence report (PSR) estimated that his offenses involved 4 kg of cocaine, 10,000 pills containing a typical net weight of 30 mg of oxycodone each, and less than 100 grams of heroin. Those quantities resulted in a base offense level of 30. *See* U.S.S.G. § 2D1.1(c)(5). The Probation Office applied two, two-level sentencing enhancements: one for Santillan's possession of an assault rifle in connection with his drug offense, U.S.S.G. § 2D1.1(b)(1), and one for Santillan's role in an attempted kidnapping, U.S.S.G. § 2D1.1(b)(2). These two enhancements brought Santillan's offense level to 34, with a Criminal History Category of I, and a resulting sentencing guidelines range of 151 to 188 months. Santillan unsuccessfully objected to these calculations.

On appeal, Santillan argues that the district court committed a procedural sentencing error by estimating the amount of oxycodone Santillan was responsible for without sufficient evidence and by failing to adequately explain the sentencing calculations. Santillan also argues that the district court did not make the necessary findings of fact that the assault rifle was connected to Santillan's drug offense conduct and that Rivera-Vasquez's testimony regarding the kidnapping was not corroborated by any other source.

We review a district court's interpretation of the United States Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Rowland*, 826

5

F.3d 100, 116 (2d Cir. 2016). "The clearly erroneous standard requires us to uphold the ruling of the court below unless we are left with the definite and firm conviction that a mistake has been committed." *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010) (internal quotation marks omitted). The district court must explain its reasoning and make adequate findings of fact to allow for meaningful appellate review. *See Gall v. United States*, 552 U.S. 38, 50 (2007). The district court satisfies this obligation if it indicates that it is adopting the recommendations in the PSR. *See United States v. Prince*, 110 F.3d 921, 924 (2d Cir. 1997). A district court must find disputed facts relevant to sentencing, including any estimate of the amount of drugs involved, by a preponderance of the evidence. *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005). If direct or circumstantial evidence supports that quantity determination, we must uphold it. *See United States v. Jones*, 531 F.3d 163, 175 (2d Cir. 2008). For uncharged relevant conduct, however, the district court must rely on specific evidence. *Id.* at 176.

We hold that the district court's estimate of drug quantities was supported by a preponderance of the evidence. Although Rivera-Vasquez did not specify the exact dosage of oxycodone or the exact number of pills involved, he provided information that allowed the Probation Office to make a reasonable estimate that the district court found credible. Rivera-Vasquez's testimony therefore provided sufficient circumstantial evidence of the drug quantity and the district court did not commit clear error in adopting the PSR's calculations.

As for the sentencing guidelines enhancement for Santillan's possession of an assault rifle and the attempted kidnapping, the district court relied on specific evidence for both findings. Rivera-Vasquez testified that he had seen Santillan with the assault rifle, that the assault rifle previously belonged to another member of the drug-trafficking organization, and that he recognized the assault rifle he had seen as the same one shown

6

in a picture found on Santillan's phone. He also testified that he had heard from Santillan himself, as well as other sources, that this particular assault rifle had been used in connection with violent narcotics activity: specifically, the attempted kidnapping of a man suspected of stealing narcotics and proceeds. On this record, there was sufficient evidence for the district court to conclude that the enhancements were warranted because Santillan had used the assault rifle in connection with his drug offense conduct and had used violence or made a credible threat to use violence. Having considered each of Santillan's arguments with respect to his sentence, we affirm the district court's calculations.

### 3. Santillan's Ineffective Assistance of Counsel Claim Fails.

In his *pro se* brief, Santillan argues that his trial counsel was ineffective for: (1) failing to request a minimal- or minor-role adjustment pursuant to U.S.S.G. § 3B1.2; and (2) failing to seek a downward departure for Santillan's physical and mental conditions pursuant to U.S.S.G. §§ 5K2.0, 5K2.13. We reject both arguments.

"When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Tarbell*, 728 F.3d 122, 128 (2d Cir. 2013) (internal quotation marks omitted). We may decide ineffective assistance claims on direct appeal "when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Kimber*, 777 F.3d 553, 562 (2d Cir. 2015). Having determined that the resolution of Santillan's ineffective assistance claim is beyond any doubt, we choose to decide it on the record before us.

7

"To prevail on a claim of ineffective assistance of counsel, a [defendant] must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (per curiam) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "In applying this standard, a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (internal quotation marks omitted).

Santillan cannot satisfy the "heavy burden" of demonstrating ineffective assistance of counsel here. *Id.* First, the record demonstrates that Santillan's role was neither minor nor minimal. Rivera-Vasquez's testimony indicates that Santillan was intricately involved in a wide range of narcotics trafficking activity and that he exercised decision-making authority over that activity. Therefore, his counsel was not ineffective for failing to seek an adjustment that would not have been granted. *See United States v. Abad*, 514 F.3d 271, 275–76 (2d Cir. 2008) (per curiam).

Second, Santillan's defense counsel was not ineffective for failing to move for a downward departure under U.S.S.G. §§ 5K2.0, 5K2.13. The head injury Santillan suffered *after* the commission of his crimes does not qualify for departure under § 5K2.13, which allows for a departure when the defendant committed the offense while suffering from significantly reduced mental capacity that contributed substantially to the commission of the offense. Although Santillan also argues that he suffers from depression, he has not shown that this condition—even if it manifested itself prior to the offense conduct, which is not clear—contributed substantially to the commission of the offense.

Santillan's prior counsel was not ineffective in failing to seek the adjustments Santillan raises now nor is there any reason to believe the outcome would have been

different had his counsel attempted to do so.  Santillan's ineffective assistance of counsel claim fails.

## CONCLUSION

For the foregoing reasons, and in conjunction with the opinion issued simultaneously, we **AFFIRM** the district court's judgment of conviction and sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk