08-4248-cr
United States v. Flaquer

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand and ten.

PRESENT:

> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
> PETER W. HALL,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

> -v.-                                                      No. 08-4248-cr

MIGUEL FLAQUER,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          B. ALAN SEIDLER, New York, NY.

**FOR APPELLEE:**          FELICE M. DUFFY, Assistant United States Attorney (Nora R. Dannehy, United States Attorney for the District of Connecticut, William J. Nardini, Assistant United States Attorney, *on the brief*) Office of the United States Attorney for the District of Connecticut, CT.

1

Appeal from a July 30, 2008 order of the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Miguel Flaquer ("defendant") was convicted pursuant to a guilty plea entered on June 20, 2006 of conspiracy to distribute 5,000 grams or more of cocaine, in violation of 21 U.S.C. § 846. On July 30, 2008, the District Court conducted a sentencing hearing and sentenced defendant principally to a within-Guidelines sentence of 168 months' imprisonment. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

On appeal, defendant argues that (1) the government breached the plea agreement by arguing for a role enhancement at sentencing, (2) that defense counsel was ineffective for failing to claim that the government breached the plea agreement, (3) the District Court erred in finding that the government proved that defendant was a supervisor and in applying a two-point enhancement for that role in the offense, and (4) the District Court erred by concluding that a within-Guideline sentence was reasonable.

We review "interpretations of plea agreements . . . in accordance with principles of contract law." *United States v. Griffin*, 510 F.3d 354, 360 (2d Cir. 2007) *abrogated on other grounds*. In determining whether the government has breached a plea agreement, we look to the "reasonable understanding of the parties as to the terms of the agreement," and "any ambiguities in the agreement must be resolved in favor of the defendant." *Id.* (internal quotation marks omitted). Where, as here, a defendant has not preserved a claim that his plea agreement was breached, we review only for plain error. *See Puckett v. United States*, 129 S.Ct. 1423, 1428-33 (2009). To prevail on plain error review, a defendant must show that (1) there is error, (2) it is plain, (3) it affects a substantial right, and (4) it seriously affects the fairness of the judicial proceedings, resulting in a miscarriage of justice. *See United States v. Zvi*, 168 F.3d 49, 58 (2d Cir. 1999).

We cannot say that any error existed in the instant case because the government did not breach the plea agreement in advocating for a role enhancement. Defendant's plea agreement contained no guideline stipulations or guideline range, nor did it address which enhancements may or may not apply to defendant's case. The plea agreement is also silent on what arguments the government was able to make during the sentencing proceedings. Rather, the agreement stated that ultimately the District Court was only "required to consider [the] Sentencing Guidelines . . . to tailor an appropriate sentence," App'x at 26, and that the government "expressly reserve[d] its right to address the [District] Court with respect to an appropriate sentence to be imposed in this case," *id.* at 27. Accordingly, we cannot conclude that the government breached the plea agreement by arguing for a role enhancement during the sentencing hearing.

In any event when it had become clear that there was an issue as to defendant's role in the offense, the District Court offered to allow defendant to withdraw his plea of guilty, which he declined. (*See* Sentencing Tr. July 10, 2008, at 15-16; sentencing Tr. July 30, 2008 at 147-48. In these circumstances, even if there had been error, we could not conclude that it affected defendant's substantial rights or that there was unfairness in the judicial proceedings.

Because we find that no breach of the plea agreement occurred and that defendant's rights were not substantially affected, we also conclude that defense counsel was not ineffective for failing to claim that the government breached the agreement.

Defendant also argues that the District Court erred in applying a two-point role enhancement and concluding that a within-Guideline sentence was reasonable. We review challenges to the reasonableness of a sentence, "whether inside, just outside, or significantly outside the Guidelines range . . . under a deferential abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 591 (2007).

"A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted); *see United States v. Cavera*, 550 F.3d 180, 188 n.5 (2008) (en banc) (calling for a "particularly deferential form of abuse-of-discretion review" in evaluating a sentence's procedural and substantive reasonableness), *cert. denied*, 129 S. Ct. 2735 (2009).

The District Court did not err—much less "abuse its discretion"—in imposing a 168-month within-Guideline sentence in light of the circumstances and facts in the record. The record shows that the District Court considered a properly calculated advisory guidelines range, properly considered the factors listed in 18 U.S.C. § 3553(a), and stated its reasons for assigning the sentence it did.

We have considered each of defendant's arguments on appeal and find them to be without merit.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3