Flaquer v. United States of America

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand thirteen.

**PRESENT:**

Richard C. Wesley,
Susan L. Carney,
J. Clifford Wallace,[*]
*Circuit Judges*

_____

**Miguel Flaquer,**

*Petitioner-Appellant*,

v.                                     **12-766**

**United States of America,**

*Respondent-Appellee.*

_____

**FOR PETITIONER-APPELLANT:**      Miguel Flaquer, *pro se*, Miami, FL.

**FOR RESPONDENT-APPELLEE:**      David B. Fein, United States Attorney, District of Connecticut; Felice M. Duffy, Assistant

---

[*]Judge J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

United States Attorney, Robert M. Spector, Assistant United States Attorney of Counsel, New Haven, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Kravitz, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Miguel Flaquer, proceeding *pro se*, appeals from the judgment denying his 28 U.S.C. § 2255 motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Flaquer argues that the district court erred by denying his claim that his counsel provided ineffective assistance at sentencing when she failed to call co-defendant, Luis Naboa, to challenge the imposition of a leadership role enhancement. Flaquer argues that the district court would not have imposed a role enhancement because Noboa would have testified that he did not know Flaquer well and that he was not Flaquer's driver for purposes of the conspiracy.

On direct appeal from his conviction, Flaquer argued, *inter alia*, that he was "not a leader, organizer, manager, or supervisor" and that a role enhancement should not have been imposed. *See United States v. Flaquer*, 361 Fed. App'x 222 (2d Cir. Jan. 19, 2010). We concluded that the district court did not err in applying a two-point role enhancement and that the sentence imposed was not an abuse of discretion. *Id.* Because we have already held that the imposition of the role enhancement was proper based on the facts considered at sentencing, we have impliedly considered and rejected Flaquer's ineffective assistance claim. *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). We will not disturb that conclusion, and the district court properly concluded that Flaquer's claim was barred.

2

Assuming, *arguendo*, that Flaquer's claim is not entirely barred, it is nonetheless without merit. After a searching review of the record, we conclude that the government proved the applicability of the role enhancement by a preponderance of the evidence, and Flaquer has failed to persuade us that the decision not to call Noboa to testify was prejudicial, even if professionally unreasonable. *See Strickland v. Washington*, 466 U.S. 668, 693 (1984); *see also United States v. Ojeikere*, 545 F.3d 220, 222 (2d Cir. 2008).

Accordingly, it is hereby ORDERED that the district court's judgment, entered on October 23, 2012, is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
