07-4963-pr
Yick Man Mui. v. United States

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: June 4, 2009                    Decided: July 30, 2010)

Docket No. 07-4963-pr

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

YICK MAN MUI,

          Petitioner-Appellant,

               v.

UNITED STATES OF AMERICA,

          Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, CALABRESI, and SACK, Circuit Judges.

Appeal from two judgments entered in the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., Judge) denying habeas corpus relief from a conviction and prison sentence, and denying a motion under Federal Rule of Civil Procedure 60(b) to reopen that decision, respectively. Petitioner invokes Massaro v. United States, 538 U.S. 500 (2003), to challenge the district court's refusal to review ineffective assistance of counsel claims that petitioner raised for the first time in the instant habeas motion.

Vacated and remanded in part.

SALLY WASSERMAN, for Petitioner-Appellant.

SUSAN CORKERY, Assistant United States Attorney (Benton J. Campbell, United States Attorney, on the brief, Peter A. Norling, Assistant United States Attorney, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, New York, for Respondent-Appellee.

WINTER, Circuit Judge:

Yick Man Mui appeals from Judge Johnson's denial of his petition for habeas corpus brought pursuant to 28 U.S.C. § 2255, and denial of his motion under Federal Rule of Civil Procedure 60(b) to reopen that decision. On direct appeal from his conviction, Mui raised various instances of alleged ineffective assistance of trial counsel. His Section 2255 motion raised yet more ineffective assistance claims. The district court held that the new ineffective assistance claims were procedurally barred because appellant had not provided reasons for failing to raise the claims on direct appeal and had not shown any resulting prejudice or actual innocence.

We hold that a defendant who raises on direct appeal ineffective assistance claims based on the strategies, actions, or inactions of counsel that can be, and are, adjudicated on the merits on the trial record, is precluded from raising new or repetitive claims based on the same strategies, actions, or inactions in a Section 2255 proceeding. However, such a

2

defendant is not precluded from raising new ineffective assistance claims based on different strategies, actions, or inactions of counsel in a subsequent Section 2255 proceeding.

We vacate the district court order and remand for proceedings consistent with this opinion.

BACKGROUND

A jury convicted appellant of committing violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). Prior to sentencing, appellant, represented by new counsel, moved unsuccessfully for a new trial in part on the ground that trial counsel had provided unconstitutionally ineffective assistance. In particular, appellant attacked trial counsel's: (i) concession of petitioner's guilt in counsel's opening statement; (ii) failure to present a "planned for defense"; (iii) failure to call petitioner as a witness; (iv) failure to cross-examine the government's key cooperating witness; and (v) misuse of evidence favorable to petitioner.

At appellant's sentencing hearing, the district court denied his motion for new trial. The court ruled that appellant failed to show either that trial counsel's performance fell below objectively reasonable standards or that appellant had a reasonable probability of a different result but for counsel's errors. See Strickland v. Washington, 466 U.S. 668 (1984). The district court then sentenced appellant to life imprisonment followed by a consecutive five-year

3

sentence on firearms charges.

On direct appeal, appellant again raised ineffective assistance claims predicated on the same facts as those raised in his motion for new trial, but with two additional allegations, that trial counsel failed to object to an erroneous jury charge and failed to file certain pre-trial motions. We affirmed appellant's conviction in a summary order that rejected on the merits appellant's claims of ineffective assistance of counsel. United States v. Mui, 159 F.3d 1349, 1998 WL 439432 (Table)(2d Cir. 1998).

Thereafter, appellant filed the present Section 2255 proceeding, claiming various instances of ineffective assistance of both trial and appellate counsel.[1] In his Section 2255 motion, appellant again raised trial counsel's concession in the opening statement, counsel's failure to present an agreed upon defense, and counsel's failure to file certain pre-trial motions. All of these claims were disposed of on direct appeal. However, appellant also raised a host of other allegations of ineffective assistance not raised on direct appeal. Specifically, appellant claimed for the first time that: (i) trial and appellate counsel failed to communicate with him effectively due to his Cantonese language;

---

[1]The certificate of appealability covers only the claims relating to trial counsel. Therefore, the claims relating to appellate counsel are not before us.

4

(ii) he had difficulty understanding any of the proceedings due to the trial court interpreter's Mandarin accent; (iii) trial counsel did not examine certain evidence or file pre-trial motions;[2] (iv) trial counsel made false assertions in his opening statement; (v) trial counsel failed to investigate any defense witnesses; (vi) trial counsel failed to raise jurisdictional challenges; and (vii) trial counsel failed to file motions to preserve or disclose exculpatory evidence.

The district court denied appellant's motion. It ruled that appellant was procedurally barred from raising ineffective trial counsel claims that he had raised on direct appeal. As for the ineffective assistance claims raised for the first time in the Section 2255 motion, the court concluded that these claims were also barred because appellant did not show cause for not raising the claims on direct appeal or any prejudice resulting therefrom, and that appellant could not show "factual innocence" that would otherwise create an exception to the procedural default rule. Mui v. United States, No. 99 CV 3627, 2005 WL 323704 at *2-3 (E.D.N.Y. Feb. 7, 2005) (citing Bousley v. United States, 523 U.S. 614, 622-23 (1998)).

On February 28, 2005, appellant, proceeding pro se, filed

---

[2]While the district court recognized the failure to file pre-trial motions as a claim raised for the first time in the habeas petition, this claim appears to have in fact been alleged in a footnote on direct appeal. See Appellant Mui's Br., United States v. Mui, No. 97-1249, at 15 n.4 (2d Cir. 1998).

a motion to reconsider under Federal Rule of Civil Procedure 60(b), claiming, among other things, that he was entitled to relief under Massaro v. United States, 538 U.S. 500 (2003). He asserted that Massaro constituted an "[i]ntervening change in law" that required reconsideration of his petition. The district court held that Massaro was not an intervening change in law and that its February 7, 2005 order was consistent with Massaro.

Appellant then sought a certificate of appealability, which we granted on the issue of whether appellant's ineffective assistance of trial counsel claims were procedurally barred in light of Massaro or were actually raised and resolved on direct appeal.

DISCUSSION

We review a district court's findings of fact for clear error, and its denial of a Section 2255 petition de novo. Rega v. United States, 263 F.3d 18, 21 (2d Cir. 2001).

Prisoners may seek collateral review of a federal conviction or sentence that was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Because collateral challenges are in "tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. United

States, 59 F.3d 296, 301 (2d Cir. 1995) abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002).

In the case of a collateral challenge based on constitutional claims, two separate rules regarding claim preclusion based on a prior adjudication apply. First, the so-called mandate rule bars re-litigation of issues already decided on direct appeal. Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006); United States v. Minicone, 994 F.2d 86, 89 (2d Cir. 1993). The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate. See United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001). To determine whether an issue may be reconsidered on remand, a district court "should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." Id. (internal quotation marks omitted). Of course, the law of the case rule governs re-litigation of an issue at the appellate level.

In the context of Section 2255 proceedings involving claims of ineffective assistance of counsel, we have applied the mandate rule to bar claims raised and resolved on direct appeal. See e.g., United States v. Pitcher, 559 F.3d 120, 124 (2d Cir. 2009); Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995); Douglas v. United States, 13 F.3d 43, 46 (2d

7

Cir. 1993) (superseded by statute on other grounds); Schwamborn v. United States, 492 F. Supp. 2d 155, 160-62 (E.D.N.Y. 2007). We have also applied the mandate rule to bar ineffective assistance claims in a Section 2255 proceeding when the factual predicates of those claims, while not explicitly raised on direct appeal, were nonetheless impliedly rejected by the appellate court mandate. See Pitcher, 559 F.3d at 124 (rejecting petitioner's Section 2255 ineffective assistance claims because they were "premised on the same facts and rest on the same legal ground" as the argument made on direct appeal).

A second rule that applies in the Section 2255 context prevents claims that could have been brought on direct appeal from being raised on collateral review absent cause and prejudice. See Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) ("In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error."); Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992) ("[F]ailure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice.").

However, where as here, a petitioner's collateral challenge includes claims of ineffective assistance of counsel,

8

there is an important exception to the procedural default rule, which requires a brief discussion of recent legal history. In Billy-Eko v. United States, 8 F.3d 111 (2d Cir. 1993) abrogated by Massaro v. United States, 538 U.S. 500 (2003), we recognized that "the failure to raise ineffective assistance of counsel claims on direct appeal . . . should not necessarily be treated similarly to a failure to raise other constitutional claims." 8 F.3d at 114. In particular, we noted that: (i) if a defendant is represented on direct appeal by the same attorney as at trial, an ineffective assistance claim is likely to be overlooked on direct appeal; and (ii) the record on direct appeal may be insufficient to evaluate the merits of an ineffectiveness claim. Id. To guard against these contingencies, Billy-Eko applied the procedural bar to ineffective assistance claims not brought on direct appeal only when the defendant was represented by new appellate counsel and the record was fully developed on the ineffective assistance issue. Id. at 114-16.

However, the Supreme Court's decision in Massaro modified Billy-Eko. In Massaro, the defendant was convicted and sentenced on federal racketeering charges. Massaro, 538 U.S. at 502. On direct appeal, defendant, under new counsel, did not argue any claim of ineffective assistance of counsel, but instead waited until a subsequent Section 2255 proceeding to raise this claim. Id. The district court applied our then-

9

existing rule under Billy-Eko and ruled that defendant's ineffective assistance claim was procedurally barred from his Section 2255 proceeding. Massaro v. United States, Nos. 97 Civ. 2971, S1 92 CR. 529, 2000 WL 1761038, at *4 (S.D.N.Y. Nov. 29, 2000). We affirmed. Massaro v. United States, 27 Fed. App'x. 26 (2d Cir. 2001).

In overturning our decision, the Supreme Court explained that the Billy-Eko rule "creat[ed] the risk that defendants would feel compelled to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." Massaro, 538 U.S. at 504. In addition, the Court expressed concern that our rule would result in ineffective assistance claims that "would be raised for the first time in a forum not best suited to assess those facts. . . . even if the record contains some indication of deficiencies in counsel's performance." Id. Accordingly, the Court held that a petitioner may bring an ineffective assistance of counsel claim whether or not the petitioner could have raised the claim on direct appeal. Id. at 509.

Unlike the petitioner in Massaro, appellant has raised claims of ineffective assistance at various stages of litigation: first in his motion for new trial, then on direct appeal, and now in the instant Section 2255 proceeding. While some of the claims raised in his Section 2255 petition mirror those raised in his motion for new trial and on direct appeal,

10

others do not.  The district court recognized this but held that all appellant's claims regarding trial counsel were procedurally barred.  We disagree.

Although Massaro rejected our procedural default rule under Billy-Eko, it did not disturb our application of the mandate rule to ineffective assistance claims brought in a Section 2255 proceeding.  Even after Massaro, therefore, a Section 2255 petitioner may not "relitigate questions which were raised and considered on direct appeal," United States v. Becker, 502 F.3d 122, 127 (2d Cir. 2007), including questions as to the adequacy of counsel.  See Fuller v. United States, 398 F.3d 644, 649-50 (7th Cir. 2005).  Accordingly, the district court did not err in dismissing those claims that had been raised and decided on direct appeal.

Of course, Massaro allows a habeas petitioner to raise ineffective assistance claims in a Section 2255 petition even though no ineffective assistance claims were raised on direct appeal.  Massaro, 538 U.S. at 508-09.  However, Massaro does not answer the question whether a Section 2255 petitioner, having already raised one or more ineffective assistance claims on direct appeal that were disposed of on the merits, may raise additional ineffective assistance claims in a habeas proceeding.  Although the Court in Massaro noted that "certain questions may arise in subsequent proceedings under § 2255 concerning the conclusiveness of determinations made on the

11

ineffective-assistance claims raised on direct appeal," 538 U.S. at 508, it declined to rule on the preclusive effect of ineffective assistance claims decided on direct appeal as to new such claims raised in subsequent collateral proceedings.

The government relies heavily on the Seventh Circuit's decision in Peoples v. United States, 403 F.3d 844 (7th Cir. 2005), in which the court stated that all of a petitioner's claims of ineffective counsel were a "single ground for relief no matter how many failings the lawyer may have displayed." 403 F.3d at 848; but see Fuller, 398 F.3d at 649 (treating defendant's ineffective assistance claims regarding trial counsel's performance at sentencing as a separable "prong" of defendant's ineffective assistance claim). Thus, following Peoples, the government argues, a defendant must choose between bringing all ineffective assistance claims on direct appeal or holding them all for a Section 2255 proceeding.

We decline to adopt such a rule. Preclusion rules are generally designed to foster efficiency by imposing finality (with some exceptions) after a party has had a full and fair opportunity to obtain an adjudication of an issue. Acosta v. Artuz, 221 F.3d 117, 122-23 (2d Cir. 2000). However, a single-proceeding rule in the present context furthers neither efficiency nor finality.

We recognize that, where a defendant alleges varying factual predicates to support identical legal claims relating

12

to a particular event, all claims constitute a single "ground" for relief for purposes of applying the mandate rule in collateral proceedings. See Sanders v. United States, 373 U.S. 1, 16 (1963) ("[I]dentical grounds may often be proved by different factual allegations."). Thus, for example, a criminal defendant who "makes and loses a contention that a confession is involuntary because of physical coercion cannot start over by adding an allegation of psychological coercion." Peoples, 403 F.3d at 848. However, the involuntary confession example involves a single event -- a confession -- giving rise to a discrete issue -- the confession's admissibility. Accordingly, both the need for efficiency and finality call for all relevant legal and factual theories relating to the confession's admissibility to be raised in a single proceeding.

With regard to ineffective assistance claims, it makes sense to require all legal or factual arguments to be made in the case of a particular strategy, action, or inaction of a lawyer alleged to constitute ineffective assistance. However, little is served by a rule that causes an adjudication of a single ineffective assistance claim to preclude a later resort to the Sixth Amendment involving a different strategy, action, or inaction of counsel.

While all ineffective assistance claims rely upon the same provision of the Constitution, the Sixth Amendment, a single prosecution can give rise to ineffective assistance claims

13

arising at every stage of the case, based on different events, and involving different counsel.  Plea bargaining, pre-trial investigation, trial preparation, pre-trial motions or the lack thereof, advising the defendant as to his or her rights, opening or closing arguments, presentation of evidence or omission of evidence, objections to prosecution evidence or lack thereof, testimony by the defendant or lack thereof, not taking an appeal, and the arguments made on appeal are among the multitude of events that may give rise to ineffective assistance claims.  Given Massaro, it simply cannot be said that the single common component of a citation to the Sixth Amendment commands that all ineffective assistance claims be raised in a single proceeding.

Such a rule would produce little gain in efficiency. Multiple adjudications of identical issues are already prevented by the mandate rule.  That rule bars the raising in a habeas proceeding of a claim when the events underlying the claim were the same as those underlying a claim raised and decided on the merits on direct appeal.  Where different events in the criminal proceeding give rise to ineffective assistance claims, however, the time spent in disposing of each is not measurably reduced by hearing the claims in a single

14

proceeding.[3] For example, no measurable efficiencies would be yielded by a rule directing that once a claim that can be decided on the record is raised and resolved on the merits on direct appeal, all other claims that can be decided on the record must also be raised. Deciding whether a claim could have been raised and decided on the record on direct appeal injects another issue to be litigated.[4] Resolving that issue may be difficult and may result in great delays caused by appeals and remands. Also, defendants would be encouraged to seek unnecessary evidentiary hearings in order to render claims eligible for a Section 2255 adjudication.

We believe it much easier simply to decide the merits of an ineffective assistance claim when raised because, while the

---

[3]We need not, and do not, decide whether the mandate rule would allow an ineffective assistance claim disposed of on direct appeal under the second prong of Strickland -- no reasonable likelihood of affecting the verdict even assuming arguendo that it involves a departure from professional standard -- to be reconsidered where it is argued that the cumulative effect of various instances of such departures affected the verdict.

[4]The Tenth Circuit has noticed a similar inefficiency in restricting ineffective assistance claims to a single procedure:

> [I]f procedural bar is raised as a defense, it embroils us in nonmerits issues which are as time consuming as if we went straight to the merits, and infinitely less productive. Applying, as we must, the cause and prejudice standard for avoiding the procedural default, we must first examine all the reasons advanced as cause, and write on the subtext after revisiting everything that happened on direct appeal, and then some. In conjunction, or as an alternative, we must examine prejudice, which is nothing less than evaluating the merits to determine whether we should evaluate the merits. Nothing productive is accomplished.

United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995).

claims invoke critical constitutional principles and are to be taken very seriously, they are quite often the law's equivalent of "buyer's remorse" or "Monday morning quarterbacking" and can be quickly resolved. Decisions by criminal defense counsel are often choices among bad alternatives that are only rarely shown to be: (1) errors so serious that the defendant was deprived of reasonably competent representation, (2) which cause prejudice to the defense. Strickland v. Washington, 466 U.S. 688, 687-91 (1984). Simply reaching the merits of such a claim rather than first considering the failure to raise it on direct appeal is likely to further both efficiency and finality and avoid miscarriages of justice.

In fact, a single proceeding rule would probably increase the time and effort needed to resolve ineffective assistance claims with no gain in the administration of justice. Because Massaro clearly allows such a claim to be raised on a Section 2255 motion where the record on direct appeal is not sufficient to permit appellate review of that issue, the only effect of a single proceeding rule would be to discourage the raising of any ineffective assistance claim on direct appeal, even when the record is sufficient for that adjudication. But most ineffective assistance claims relating to trial counsel are such that if appellate counsel raised such an issue on direct appeal and thereby precluded later such claims, the act of raising the preclusion-causing claim would itself give rise to

a claim of ineffective assistance of appellate counsel. This claim would ordinarily require that the supposedly barred claims be addressed on the merits to determine the professional worthiness and effect of the preclusion-causing act. A single proceeding rule thus furthers neither efficiency nor finality.

We conclude, therefore, that the only barrier to raising ineffective assistance claims in a Section 2255 proceeding after raising such claims on direct appeal is the mandate rule, i.e., strategies, actions, or inactions of counsel that gave rise to an ineffective assistance claim adjudicated on the merits on direct appeal may not be the basis for another ineffective assistance claim in a Section 2255 proceeding.

We affirm the rejection of the claim regarding trial counsel's concession in his opening statement, failure to present an agreed-upon defense, and failure to file certain pre-trial motions. We vacate the judgment in all other respects and remand for proceedings consistent with this opinion.

17