09-1559-cr (L)
United States v. Roman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of December, two thousand ten.

PRESENT:        ROBERT D. SACK,
                REENA RAGGI,
                GERARD E. LYNCH,
                        *Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,

                                *Appellee*,

            v.                                      Nos. 09-1559-cr (L)
                                                         09-2147-pr (con)
EDUARDO MEDINA COLON, RICHARD ORTIZ,                     09-2188-cr (con)
a.k.a. CABESSA,

                        *Defendants-Appellants*,

 MILTON ROMAN, a.k.a. JUSTICE, JESSE CIVIDANES,
ELUID RIVERA, a.k.a. SMOKE, a.k.a. SMOKEY,
WILFREDO ABRAHANTE, a.k.a. TWIN, HARRY
JOHNSON SA, WILLIAM ABRAHANTE, MIGUEL
ACEVEDO, THOMAS PEREZ, RAUL REYES, ANGEL
AVILES, THOMAS BOBBITT, a.k.a. TOM III, SILKIA
BONILLA, a.k.a. SILKY, REGINALD BROWN, a.k.a.
NOEL, SAMUEL KENNETH CLEMONS, a.k.a. KENNY,

JOHN DELORENZO, a.k.a. JACK, JENNIFER DOAK, a.k.a. JEN, LUIS GONZALEZ, WILLIAM JACKSON, a.k.a. BADA, REGINALD LEWIS, MIGUEL LOPEZ, SONYA LUCIANO, BENIGNO MALAVE, JOSUE MALDONADO, DOMINGO MEDINA, LEANDA PERRY, a.k.a. MONTE, NOEL RODRIGUEZ, a.k.a. CHICANO, MARLENE SOTO, RAMON SOTO, ANTWAN TANN, a.k.a. TWAN, KANE TAYLOR, O'NEAL WARD, FLORENCE SABATUCCI, NATHANIEL WHITE,

*Defendants*.

--------------------------------------------------------------------------

FOR APPELLANTS: BRENDAN WHITE, White & White, New York, New York, *for Defendant-Appellant Ortiz*.

Robert M. Frost, Jr., Zeldes, Needle & Cooper, P.C., Bridgeport, Connecticut, *for Defendant-Appellant Colon*.

FOR APPELLEE: ROBERT M. SPECTOR, Assistant United States Attorney (Michael J. Gustafson, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgments entered as to defendant Eduardo Medina Colon on March 17, 2009; and as to defendant Richard Ortiz on January 22, 2009, and April 17, 2009, are AFFIRMED.

Defendants Colon and Ortiz were among thirty-five persons charged in a single

indictment with various narcotics trafficking crimes. See United States v. Roman, No. 06 Cr. 00268 (D. Conn. filed Oct. 4, 2006). Colon pleaded guilty on June 19, 2007, to one count of possession with intent to distribute fifty or more grams of cocaine base, see 21 U.S.C. § 841(a)(1), and was sentenced on November 5, 2007, principally to 120 months' imprisonment, the mandatory minimum required by 21 U.S.C. § 841(b)(1)(A). Ortiz pleaded guilty on October 4, 2007, to one count of possession with intent to distribute five or more grams of cocaine base, see 21 U.S.C. § 841(a)(1), and to one count of firearm possession by a convicted felon, see 18 U.S.C. § 922(g). Although Ortiz's Sentencing Guidelines range as a career offender, see U.S.S.G. § 4B1.1, exposed him to a range of 262 to 327 months' incarceration, on March 4, 2008, the district court decided to impose a lower, non-Guidelines prison sentence of 180 months, see United States v. Booker, 543 U.S. 220, 261-62 (2005).

Neither defendant appealed the original judgments of conviction. Instead, they each filed notices of appeal from the district court's denial of their motions for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the November 2007 amendment to the crack cocaine Sentencing Guidelines. Ortiz also filed a notice of appeal from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. These appeals have been consolidated for our review. In Colon's case, defense counsel has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and the government has moved for summary affirmance of

3

the district court's judgment denying Colon's § 3582(c)(2) motion.  In Ortiz's case, counsel

has filed a brief focusing on the habeas appeal without assigning error to the § 3582(c)(2)

denial.[1]  We assume the parties' familiarity with the facts and history of prior proceedings

in explaining our decision to affirm the challenged judgments.

1.      Ortiz's § 2255 Petition

We review a district court's denial of a § 2255 petition de novo.  See Yick Man Mui

v. United States, 614 F.3d 50, 53 (2d Cir. 2010).  A defendant claiming ineffective assistance

of counsel bears a heavy burden, see United States v. Gaskin, 364 F.3d 438, 468 (2d Cir.

2004), because he must demonstrate both (1) that his attorney's performance fell below an

objective standard of reasonableness, and (2) resulting prejudice, see Strickland v.

Washington, 466 U.S. 668, 689, 694 (1984); United States v. Caracappa, 614 F.3d 30, 46 (2d

Cir. 2010).  In reviewing the reasonableness of an attorney's conduct, we "'indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional

assistance.'"  United States v. Gaskin, 364 F.3d at 468 (quoting Strickland v. Washington,

466 U.S. at 689).  To demonstrate prejudice, the defendant must show that "'there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] Ortiz also filed a supplemental pro se memorandum that advances eleven additional claims of ineffectiveness – ranging from failure sufficiently to investigate the Government's case to failure to review Brady material.  Because Ortiz did not raise these claims below, we need not address them here.  See Kamagate v. Ashcroft, 385 F.3d 144, 151 (2d Cir. 2004).  Nevertheless, we have reviewed all of Ortiz's arguments on appeal and can discern no potential for prejudice.

4

proceeding below would have been different.'" Puglisi v. United States, 586 F.3d 209, 215 (2d Cir. 2009) (quoting Strickland v. Washington, 466 U.S. at 694).

Ortiz contends that counsel was ineffective in failing to argue that his Sentencing Guidelines range should have been calculated by reference to powder cocaine rather than crack cocaine because "cocaine base," the drug to which he pleaded guilty, is a vague term that can reference either formulation. See U.S.S.G. § 2D1.1. We disagree. As the district court observed, the cocaine base at issue was identified as crack cocaine no less than nineteen times during Ortiz's plea colloquy. Thus, there was no vagueness in the crime as applied to Ortiz, and no objective unreasonableness in counsel's failure to seek a Guidelines calculation based on powder cocaine. See United States v. Stephenson, 183 F.3d 110, 118 (2d Cir. 1999). Further, Ortiz cannot show prejudice because his Guidelines range was determined by his career offender status, see U.S.S.G. § 4B1.1, not by the drug type or quantity at issue, see U.S.S.G. § 2D1.1. Moreover, the district court imposed a sentence substantially below even that range. Accordingly, we conclude that a writ of habeas corpus was properly denied.

2.     The § 3582(c)(2) Motions

To the extent one or both defendants appeal the denial of their § 3582(c)(2) motions, we easily reject any claim of error. The district court correctly concluded that defendants were not eligible for § 3582(c)(2) relief because neither was sentenced pursuant to a Guidelines range "that has subsequently been lowered by the Sentencing Commission." 28

5

U.S.C. § 3582(c)(2).

In calculating the Guidelines range associated with Colon's narcotics offense under U.S.S.G. § 2D1.1, the district court in fact applied the November 2007 amendment from which Colon now seeks to benefit. Colon, however, was subject to a Guidelines range determined by a statutory mandatory minimum, which range was not affected by the November 2007 amendment. See U.S.S.G. § 1B1.10 application n.1; see also United States v. Williams, 551 F.3d 182, 185-86 (2d Cir. 2009). Because any § 3582(c)(2) challenge in Colon's case is patently meritless, we grant Colon's counsel's motion to withdraw, see United States v. Torres, 129 F.3d 710, 717 (2d Cir. 1997) (granting motion to withdraw where counsel has diligently searched record for non-frivolous arguments for reversal, and none exists), as well as the government's motion for summary affirmance.

As for Ortiz, we have already explained that his Guidelines range was determined by reference to U.S.S.G. § 4B1.1, see U.S.S.G. § 1B1.10 application n.1; see also United States v. Martinez, 572 F.3d 82, 84 (2d Cir. 2009), which was not amended. In any event, he received a non-Guidelines sentence that the district court expressly stated was not "based on" the narcotics or career Guidelines. Cf. United States v. Williams, 551 F.3d at 186. Accordingly, we affirm the judgment denying Ortiz § 3582(c)(2) relief.

We have considered the other arguments on this consolidated appeal and conclude that they are without merit. Accordingly, the district court's judgments entered as to Colon on

March 17, 2009; and as to Ortiz on January 22, 2009, and April 17, 2009, are hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court