10-2953-pr
Zandi v. United States of America

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve.

PRESENT:
    ROGER J. MINER,
    ROBERT A. KATZMANN,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

Mahmud Zandi,
        *Petitioner-Appellant,*

        -v.-                                                10-2953-pr

United States of America,
        *Respondent-Appellee*.

_____

FOR APPELLANT:          Mahmud Zandi, *pro se*, Adelanto, California.

FOR APPELLEE:           Emily Berger, Demetri M. Jones, Assistant United States
                        Attorneys, of counsel, *for* Loretta E. Lynch, United States Attorney
                        for the Eastern District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Wexler, *Judge*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND**

**DECREED** that the order of the district court is **AFFIRMED**.

1

Petitioner-appellant Mahmud Zandi appeals *pro se* from a judgment entered on June 17, 2010, denying his *pro se* motion for a writ of habeas corpus under 28 U.S.C. § 2255. This Court issued a certificate of appealability limited to the issue of whether Zandi received ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

In appeals from a district court's denial of relief under § 2255, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact and is reviewed *de novo*." *Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001) (internal quotation marks omitted). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). To demonstrate the requisite prejudice in the context of pre-trial plea discussions, a habeas petitioner must proffer a *prima facie* case that, "but for counsel's deficient performance, he would have pled guilty instead of going to trial." *Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011). "*Prima facie* evidence may include a petitioner's own statement . . . ; however, in order for the statement to be sufficiently credible to justify a full hearing, it must be accompanied by some 'objective evidence,' such as a significant sentencing disparity, that supports an inference that the petitioner would have accepted the proposed plea offer if properly advised." *Id.* (citing *Puglisi v. United States*, 586 F.3d 209, 215–16 (2d Cir. 2009)).

Zandi argues on appeal that his counsel was ineffective because he failed to convey a plea offer that Zandi alleges may have been made by the government. Zandi has submitted an affidavit to this Court in which he states under oath that he would have accepted a plea offer had counsel communicated the offer and properly advised him. He also contends that the disparity between the 240-month sentence he received post-trial and the more lenient sentences his cooperating co-defendants received following their guilty pleas constitute objective evidence that he would have accepted a plea offer but for counsel's deficient performance.

Zandi's argument is unavailing because he has not established what sentence he would have received pursuant to a plea agreement, with or without a cooperation component. His suggestion that he would have received a sentence similar to those of his cooperating co-defendants is based on pure speculation, particularly since he has not demonstrated that he would have cooperated to a degree satisfactory to the government. Accordingly, Zandi cannot rely upon this evidence to support an inference that he would have accepted a plea offer but for his counsel's ineffective assistance. *Puglisi*, 586 F.3d at 217–18.

We also note that Zandi continues to proclaim his innocence. This factor undermines Zandi's bare assertion that he would have accepted a plea agreement if properly advised. *See Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (noting that an appellant's "insistence on his innocence is a factor relevant to any conclusion as to whether he has shown a reasonable probability that he would have pled guilty"). For the foregoing reasons, we conclude that Zandi has not demonstrated prejudice resulting from his counsel's alleged inactions.

Zandi also fails to satisfy the first prong of *Strickland* insofar as he provides no evidence that the government ever extended a plea offer to him through defense counsel. An email from Zandi's counsel to prosecutors in which counsel merely requests to "resurrect the discussion" of

3

Zandi's cooperation does not establish, or even suggest, that the government actually extended a plea offer to Zandi. In the absence of evidence that the government ever made a plea offer, Zandi cannot show that his attorney provided him with objectively unreasonable assistance by failing to make him aware of any such hypothetical offer. *See Strickland*, 466 U.S. at 687–88.

Zandi next argues that his counsel was ineffective because he failed to pursue with Zandi the option of pleading guilty without a plea and cooperation agreement, or a plea agreement of any kind, and failed to advise him of the risks of proceeding to trial. The record does not substantiate Zandi's allegations, but, even assuming their truth, the district court correctly rejected Zandi's argument because Zandi failed to demonstrate a reasonable probability that the result of the proceedings would have been different but for counsel's assertedly deficient performance. Notably, Zandi acknowledges that he was willing to plead guilty only in exchange for an "'unheavy' sentence," Appellant Br. 10–11, and maintains that his current sentence is "six times more than it should be," *id.* at 32. He also claims (as noted above) that he is innocent of the crimes of which he was convicted. Given these statements, and in light of the full record, it is implausible that Zandi would have forgone trial to obtain a slightly lower Guidelines range for acceptance of responsibility by pleading guilty without the benefit of the plea agreement. Moreover, even if we assume that Zandi would have pled guilty on these terms, the record does not establish a reasonable probability that Zandi would have received a lower sentence than he ultimately received after trial.

Zandi also argues that the district court erred by failing to hold an evidentiary hearing on his claims. When the district court denies an evidentiary hearing, this Court reviews that denial for clear error as to issues of fact and *de novo* for issues of law. *Puglisi*, 586 F.3d at 215. For the reasons stated above, the district court properly denied Zandi's § 2255 motion: further

4

proceedings would have been futile. *See id.* at 218 ("On the present record, a hearing based on the proffers of proof set forth in appellant's supporting papers would be fruitless because the appellant has neither stated that he would have accepted a plea if properly advised . . . nor proffered objective evidence in support of such a statement."). Accordingly, there was no error in the district court's determination that a hearing was unnecessary.

In addition, Zandi argues that the district court prevented him from filing certain documents, including documents proffered as evidence and a memorandum of law, in support of his § 2255 motion. A review of the record reveals that the district court did nothing during the pendency of Zandi's § 2255 proceedings to prevent him from filing his supporting material, and that any failure to do so was of Zandi's own making. Furthermore, we have reviewed the documents filed by Zandi with his motion for a certificate of appealability and find that they would not have altered the result.

We have considered all of Zandi's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk