United States v. Dandeneau (Lee)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand thirteen.

PRESENT:
    AMALYA L. KEARSE,
    DENNIS JACOBS,
    BARRINGTON D. PARKER,
        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        Appellee,

    *v.*                                     12-2020

CHRIS LEE, aka Chris Gayle,

        Defendant - Appellant.

---

FOR APPELLANT:      Chris Lee, *pro se*, Fort Dix, NJ.

FOR APPELLEE:        Daniel A. Spector, Emily Berger, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Chris Lee, *pro se*, appeals from an amended judgment of the district court re-sentencing him to, *inter alia*, 235 months' imprisonment. We previously vacated his sentence and remanded his case for re-sentencing on the basis that he was entitled to a third point reduction of his Guidelines offense level for acceptance of responsibility pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3E1.1(b). *United States v. Lee*, 653 F.3d 170 (2d Cir. 2011) ("*Lee I*"). On remand, the district court duly granted Appellant that reduction. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We may "review sentences only for 'reasonableness,' a deferential standard limited to identifying abuse of discretion." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir.2008) (citation omitted).

Liberally construed, Appellant's brief argues that the district court committed procedural error when it (1) refused to permit him a new *Fatico* hearing before re-sentencing, and (2) sentenced him to more than one year of imprisonment upon what he characterizes as a jurisdictionally defective indictment. We reject both arguments.

When this Court overturns a sentence and remands for re-sentencing, but does not vacate one or more of the underlying convictions, the presumption is that the remand is for limited, not *de novo*, re-sentencing. *See United States v. Malki*, 718 F.3d 178, 182 (2d Cir.

2

2013).  On a remand for limited re-sentencing, the law of the case doctrine generally "forecloses re-litigation of all issues previously waived by the defendant or decided by the appellate court," *id.* (citing *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002); *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010)), unless (1) those issues become relevant only after the initial appellate review, or (2) there is a "cogent or compelling reasons for resentencing *de novo*," *United States v. Hernandez*, 604 F.3d 48, 54 (2d Cir. 2010).

This appeal is controlled by *Malki*, which ruled that its previous remand of a criminal matter for re-sentencing permitted only limited re-sentencing, because, as here (1) the prior mandate "did not unequivocally identify whether" *de novo* re-sentencing was contemplated; (2) only the sentence, and not the conviction, was vacated; (3) the "spirit of the mandate" did not make clear that the Court intended *de novo* re-sentencing; (4) the prior mandate identified a specific error to be corrected on remand; and (5) the prior mandate rejected other arguments, which it need not have done had the remand been intended to require *de novo* re-sentencing.  *See Malki*, 718 F.3d at 182.

Appellant nevertheless seeks *de novo* re-sentencing–and a new and expanded *Fatico* hearing–on the ground that he had withdrawn from the original *Fatico* hearing any issue as to the quantity of marijuana attributable to him, hoping thereby to preserve his eligibility for acceptance-of-responsibility points; and that became relevant only after this Court's mandate in *Lee I*.  However, the quantity of marijuana was relevant to the calculation of the original sentence; Lee had the opportunity–which he deliberately bypassed–to have the *Fatico* hearing include that issue; and the quantity issue could have been, but was not, raised on the appeal in *Lee I*.  Instead, Lee challenged only the

3

acceptance-of-responsibility adjustment, and this Court held that the district court should have granted his application for a third-point reduction pursuant to § 3E1.1(b) notwithstanding the Government's refusal to move for a reduction, because the Government's refusal was motivated by an erroneous interpretation of the Guidelines. *See Lee I*, 653 F.3d at 173. Because Appellant has not demonstrated that the issues he now seeks to appeal became relevant after this Court's decision in *Lee I*, the district court's denial of a *Fatico* hearing was proper.

Appellant also argues that the indictment against him was defective because it failed to identify the substance he was convicted of conspiring to import and distribute; and that the district court's sentence was, therefore, procedurally unreasonable because, in the face of this omission, it should not have sentenced him to more than one year of imprisonment. His argument suffers several flaws. Lee has not shown that the indictment suffered any jurisdictional defect, as the fact of the indictment charged him with federal offenses, *see generally United States v. Kumar*, 617 F.3d 612, 620 (2d Cir. 2010), and a plea of guilty "waive[s] any and all non-jurisdictional defects in an indictment." *United States v. Maloney*, 287 F.3d 236, 239 (2d Cir. 2002). In any event, there is no factual predicate for his argument because each of the counts to which he pled guilty identified the controlled substance involved. Furthermore, Appellant admitted at his plea allocution to the fact that he had possessed, distributed, and imported cocaine. Accordingly, the district court did not plainly err in imposing a sentence of greater than one year.

4

We have considered all of Lee's contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk