16-3442-cv
*Wiercinski v. Mangia 57, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

Present:
>        DEBRA ANN LIVINGSTON,
>        GERARD E. LYNCH,
>                *Circuit Judges,*
>        JED S. RAKOFF,
>                *District Judge.\**

---

ADAM WIERCINSKI,

>        *Plaintiff-Appellant*,

>        v.                                                                        16-3442-cv

MANGIA 57, INC.,

>        *Defendant-Appellee*,

SASHA MUNIAK, also known as Sasha A. Muniak,
also known as Sasha T. Muniak, ARTUR ZBOZIEN,
MALGORZATA CYMANOW, also known as Margaret
Cymanow, GRZEGORZ SAROSIEK, ROBERT BAZGIER,
DARIUSZ MASLANKA,

>        *Defendants*.

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:                    ADAM WIERCINSKI, pro se, New York, NY.

For Defendant-Appellee:                 Daniel J. Kaiser, Kaiser, Saurborn & Mair,
                                                     P.C., New York, NY.


       Appeal from an order of the United States District Court for the Eastern District of New York (Glasser, *J.*; Orenstein, *M.J.*).

       **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

       Plaintiff-Appellant Adam Wiercinski ("Wiercinski"), proceeding pro se, has already appeared before our court twice before.  After Wiercinski's second appeal was dismissed *sua sponte* as frivolous, *Wiercinski v. Mangia 57, Inc.*, No. 15-3152 (2d Cir. Dec. 10, 2015), Wiercinski filed two motions in the district court: (1) a motion for a new trial or a reversal of the district court's decision; and (2) a motion ordering defendants to pay attorney's fees and $1 in nominal damages.  The district court denied both motions in an order entered on September 13, 2016, and Wiercinski now appeals from that order.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

       The district court correctly denied Wiercinski's motions based on the law of the case doctrine, which "forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings" in the same case.  *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007).  One branch of that doctrine, the mandate rule, "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."  *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (quoting *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010)).  Wiercinski's arguments on appeal are squarely foreclosed by our rulings in

his two prior appeals.  *See Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106 (2d Cir. 2015); *Wiercinski v. Mangia 57, Inc.*, No. 15-3152 (2d Cir. Dec. 10, 2015).  Further, although Wiercinski argues that the district court demonstrated bias before, during, and after trial, this issue could have been raised in his first appeal and is therefore also barred by the law of the case.  *See United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) ("[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars . . . an appellate court in a subsequent appeal from reopening such issues . . . ." (internal quotation marks omitted)).

We have considered Wiercinski's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk