Harris v. Commissioner of Internal Revenue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-one.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> > *Chief Judge,*
> **DENNY CHIN,**
> **JOSEPH F. BIANCO,**
> > *Circuit Judges.*

---

**Joshua Harris,**

> *Petitioner-Appellant*,

> **v.**                                                   **19-4278**

**Commissioner of Internal Revenue,**

> *Respondent-Appellee*.

---

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | Joshua Harris, pro se, South Ozone Park, N.Y. |
| **FOR RESPONDENT-APPELLEE:** | Michael J. Haungs, Karen G. Gregory, *for* Richard E. Zuckerman, Principal Deputy Assistant Attorney General, |

Appeal from an order of the United States Tax Court (Carluzzo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the Tax Court is **AFFIRMED**.

Appellant Joshua Harris, proceeding pro se, challenged a notice of delinquency issued by the Commissioner of Internal Revenue ("Commissioner") for his 2013 and 2014 income taxes in the U.S. Tax Court. The Tax Court dismissed the case and entered a judgment in the amount that the Commissioner claimed on the notice after Harris failed to appear for trial, without accounting for deductions to which the Commissioner had conceded in a pretrial memorandum that Harris was entitled. In his first appeal, we affirmed the Tax Court's decision in all respects "except for the exclusion of the Commissioner's pretrial concessions" from its calculation of Harris's 2013 and 2014 tax deficiencies and penalties, and we remanded with instructions for the Tax Court to determine whether the exclusion of these concessions was error and, if so, to recalculate the deficiencies and penalties. *Harris v. Comm'r of Internal Revenue*, 748 F. App'x 387, 390 (2d Cir. 2018) (summary order). The Tax Court recalculated the deficiencies and penalties on remand, and Harris appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the Tax Court's legal conclusions and for clear error its factual findings." *Chai v. Comm'r of Internal Revenue*, 851 F.3d 190, 204 (2d Cir. 2017); *see* 26 U.S.C. § 7482(a)(1). We also review *de novo* whether a lower court's decision comports with this Court's mandate. *Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Brothers LLP)*, 809 F.3d 94, 98 (2d Cir. 2015).

As a preliminary matter, it is clear from the record that a stray reference to the 2009 and

2010 tax years in the Commissioner's calculations on remand was a scrivener's error, which the Commissioner later corrected. Harris does not otherwise argue on appeal that, if the Tax Court was limited to those deductions that the Commissioner conceded in his pretrial memorandum, its calculation of his tax deficiencies and penalties for the 2013 and 2014 tax years was incorrect. He has thus abandoned that issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Instead, Harris principally argues that the Tax Court should have found that he had no tax liabilities because he could substantiate additional deductions, or because the proceedings were time-barred and the Commissioner had denied him access to necessary discovery or otherwise refused to cooperate with him prior to the first trial. However, the mandate rule bars a lower court from considering issues that were expressly or impliedly resolved by this Court's mandate. *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012); *see also United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (mandate rule also bars lower courts from considering previously waived issues on remand). We agree with the Tax Court that our mandate did not permit consideration of deductions not conceded by the Commissioner. *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) ("To determine whether an issue may be reconsidered on remand," a lower court "should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." (internal quotation marks omitted)); *cf. Quintieri*, 306 F.3d at 1226 (mandate remanding "for resentencing" was for limited—not de novo—resentencing where the Court's decision identified one potential Guidelines error and found all of the appellant's other claims to be without merit). It also barred consideration of Harris's defenses related to the statute of limitations, the Commissioner's alleged failure to audit his taxes, or the Commissioner's alleged

3

misconduct prior to the first trial—which were all issues that Harris raised, or could have raised, prior to the Tax Court's dismissal order or in the first appeal, and were thus impliedly resolved by this Court's mandate. *See Quintieri*, 306 F.3d at 1225.

To the extent that Harris argues that we should consider these issues in the first instance, under the related law of the case doctrine, we ordinarily refrain from considering issues that we expressly or impliedly decided in a prior decision, including issues that were waived in the earlier proceedings. *See id.* at 1229; *see also id.* at 1225 (observing that, absent an intervening decision by a higher court, the law of the case doctrine applicable to an appellate court is "more flexible" than the mandate rule applicable to a district court on remand). We will not depart from this rule "absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013) (internal quotation marks omitted). Harris has not shown that such reasons are present here.

As to Harris's remaining arguments, the Tax Court did not clearly err in declining to credit Harris's claim that the Commissioner made additional oral concessions that should have been incorporated into the recalculation of his tax deficiencies and penalties. This claim was supported only by Harris's own statements to the Tax Court and, as the Tax Court observed, these statements were vague as to the specifics of the alleged concessions. *See Am. Valmar Int'l Ltd., Inc. v. Comm'r of Internal Revenue*, 229 F.3d 98, 101 (2d Cir. 2000) (noting that this Court owes "particularly strong deference" to Tax Court's "determination of witnesses' credibility" (internal quotation marks omitted)). Contrary to Harris's claim, the Commissioner's decision not to concede his entitlement to additional deductions on remand was not misconduct. Finally, Harris's

4

judicial bias claim principally turns on his claim that the Tax Court misinterpreted this Court's mandate or failed to sanction the Commissioner's alleged misconduct on remand. These decisions were not inappropriate; in any event, "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009).

We have considered all of Harris's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the Tax Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5