**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

LARRY COLLIER TAYLOR, JR.,

　　　　Defendant - Appellant.

No. 12-6054
(W.D. of Okla.)
(D.C. Nos. 5:11-CV-00576-F and
5:08-CR-00210-F-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Larry Collier Taylor, Jr., a federal prisoner, seeks a certificate of

appealability to appeal the district court's order dismissing his 28 U.S.C. § 2255

petition for post-conviction relief. We construe his filings liberally because he is

proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

1991).  Taylor claims, among other things, that his trial counsel was ineffective because she prevented him from testifying at a suppression hearing.

Finding no merit in Taylor's application, we DENY it.

# I.  Background

On May 20, 2008, police officers in Houston, Texas pulled over a car driven by Taylor after observing several traffic violations.  Because Taylor could produce no license, registration, insurance verification, or rental agreement, the officers arrested him and impounded the car.  An inventory of the car revealed a firearm and approximately $17,000 cash, some of it bundled together with straps bearing the name of the Peoples State Bank.  The officers turned the investigation over to the FBI, who linked this evidence to a car jacking and bank robbery in Lawton, Oklahoma two weeks earlier.

Taylor was charged in the Western District of Oklahoma with car jacking, bank robbery, and using a firearm during a violent crime.  His assigned counsel was Teresa Brown.  Taylor filed a motion to suppress the evidence obtained on May 20, 2008, which was denied after an evidentiary hearing.  A jury subsequently found Taylor guilty on all counts.  Taylor, with the help of a new counsel, Jeffrey Byers, filed a motion for a new trial, arguing, among other things, that his trial counsel rendered ineffective assistance at the suppression hearing.  The court denied the motion and sentenced Taylor to 181 months' imprisonment.

For his direct appeal, Taylor changed counsel yet again. Taylor appealed the district court's ruling on the suppression motion, arguing that the police inventory of the car violated the Fourth Amendment's prohibition on unreasonable search and seizure. He also contested the sufficiency of the evidence supporting his car jacking conviction. But he did not directly appeal his ineffective-assistance claim. We rejected Taylor's arguments and affirmed his convictions. *See United States v. Taylor*, 592 F.3d 1104, 1109 (10th Cir. 2010).

Taylor then challenged his convictions pursuant to 28 U.S.C. § 2255, arguing seven grounds for relief. Six of these grounds related to ineffective assistance rendered by Teresa Brown, while the last ground claimed ineffective assistance by Jeffrey Byers. The district court rejected Taylor's § 2255 petition and denied a certificate of appealability.

In the present application for COA, Taylor maintains four of the seven original grounds for relief, all against Brown: (1) failure to thoroughly cross-examine Officer Bryan, one of the officers who participated in the traffic stop, at the suppression hearing; (2) failure to contest the legality of the traffic stop; (3) refusal to allow Taylor to testify at the suppression hearing; and (4) cumulative error.

# II. Discussion

## A. *Standard of Review*

We may not grant a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To meet this standard, a petitioner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005) (internal quotation marks omitted).

To prevail on his claim of ineffective assistance of counsel, Taylor must show that (1) his counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. In analyzing the first prong, we apply the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

## B. *Grounds Previously Addressed*

Two of the grounds Taylor advances in support of his ineffective-assistance claim were already adjudicated by the district court pursuant to his motion for a new trial. On a collateral challenge to a conviction, we do not consider claims that we have already considered and disposed of on direct appeal. *United States*

*v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).  Typically, we also do not consider claims that could have been raised on direct appeal but were not, unless the petitioner can demonstrate cause and prejudice for the default, or a fundamental miscarriage of justice will result.  *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004).

Ineffective-assistance claims present an exception to the typical rule. Inmates are not required to raise ineffective-assistance claims on direct appeal, but may raise them for the first time in a collateral proceeding.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  But a defendant retains the *option* to raise an ineffective-assistance claim in the direct appeal.  *Id.*

This exception raises the question: if a defendant opts to raise an ineffective-assistance claim on direct appeal, can he then raise it *again* in a collateral proceeding?  We have answered with a qualified yes: a subsequent ineffectiveness claim in a § 2255 petition is not barred if it is "based on different grounds" than the ineffective-assistance claim brought on direct appeal.  *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995); *accord Yick Man Mui v. United States*, 614 F.3d 50, 56 (2d Cir. 2010).  *But see Peoples v. United States*, 403 F.3d 844, 847 (7th Cir. 2005) (rejecting *Galloway* and holding that

subsequent ineffective-assistance claims are barred, even if based on different grounds).[1]

Here, two of the four grounds for Taylor's ineffective-assistance claim were already argued in his motion for a new trial before the district court. These grounds related to Brown's failure to adequately cross-examine government witnesses and adequately contest the legality of the stop. While Taylor's motion for a new trial did not frame these grounds in precisely the same manner his application for COA does, it was based on the same essential factual and legal issues. *See Yick Man Mui*, 614 F.3d at 56 (requiring "all legal or factual arguments to be made in the case of a particular strategy, action, or inaction of a lawyer alleged to constitute ineffective assistance."). Because Taylor raised these issues in the district court, and then failed to raise them on direct appeal, the procedural bar applies.

That leaves two grounds that were not addressed in prior proceedings: (1) Brown's failure to allow Taylor to testify at the suppression hearing; and (2) cumulative error by Brown. The cumulative-error ground is easily dismissed because only one other ground remains; thus, the error cannot be cumulative.

---

[1] Some states follow the rule that ineffective-assistance claims *must* be raised on direct appeal if trial counsel and appellate counsel are different. In habeas proceedings under § 2254, we enforce such rules insofar as they comport with the Sixth Amendment. *See English v. Cody*, 146 F.3d 1257, 1261 (10th Cir. 1998). No such rule applies in the federal court system, however.

### C. *Brown's Failure to Allow Taylor to Testify*

Taylor alleges Brown rendered ineffective assistance by preventing him from testifying at the suppression hearing. According to Taylor, he first notified Brown of his wish to testify during the suppression hearing itself, after listening to the testimony of the officers who conducted the traffic stop. He claims Brown dissuaded him from testifying by telling him:

> (1) the judge would not accept the [sic] his testimony over the officers; (2) it didn't matter what the petitioner said because the judge's mind was already made up; (3) that the judge would not let him prevail on the issue, because he had been caught with the money and the gun and that there was no way that the judge would let them be suppressed; and (4) that if he did decide to take the stand in contention to the officers' testimony he would be charged with an obstruction.

Aplt. Br. at 12–13. Taylor claims Brown's statements violated his constitutional right to testify in his own defense.

Taylor relies heavily on *Cannon v. Mullin*, 383 F.3d 1152 (10th Cir. 2004). There, the petitioner alleged he told his counsel "[i]n more than one pre-trial conference" that he wanted to testify at trial, and reiterated this request at the start of the trial. *Id.* at 1170. His counsel, however, "became enraged," told him she would make the decisions, and that it was too late for him to testify because he was not on the witness list. *Id.* at 1171. Additionally, when the government rested its case and called on the defense, the petitioner prepared to get up to testify, but counsel "quickly sprang out of the chair and said that the defense rests

in order to cut [him] off." *Id.* The district court denied petitioner's habeas petition without holding an evidentiary hearing, and petitioner appealed.

We remanded for an evidentiary hearing. *See id.* at 1177. We found that petitioner's allegations, if true, would constitute "a dereliction of duty by counsel," because "counsel lacks authority to prevent a defendant from testifying in his own defense, even when doing so is suicidal trial strategy." *Id.* at 1171. We also found a substantial probability of prejudice because the petitioner's "testimony, and his demeanor while testifying, could have special significance to the jury" on the issue of mens rea. *Id.* at 1172. We recognized, however, that counsel has an obligation to "discuss with the defendant the strategic implications of choosing whether to testify, and should make a recommendation to the defendant." *Id.* at 1171.

We agree with the district court that the facts here differ significantly from *Cannon*. First, as far as Taylor alleges, he did not express his desire to testify until the middle of the suppression hearing. Although Brown was required to offer Taylor reasonable counseling, *see Wimberly v. McKune*, 141 F.3d 1187, *3 (10th Cir. 1998) (unpublished) (citing *Lema v. United States*, 987 F.2d 48, 52–53 (1st Cir. 1993)), the quality of counseling will necessarily suffer when a request is sprung upon counsel at the last minute. Under such circumstances, advice rendered in what are perhaps less-than-lawyerly terms does not constitute ineffective assistance. Second, although Brown advised Taylor against testifying,

she did not actually prevent him from doing so, as did the defense counsel in *Cannon*. In addition, Brown's warning regarding potentially being charged with obstruction of justice was not unfounded, as the right to testify does not extend to a right to testify untruthfully. *See United States v. Alexander*, 292 F.3d 1226, 1235 (10th Cir. 2002). Finally, the facts here do not show that Taylor was unaware of his rights; to the contrary, he actually did testify at the suppression hearing on a different matter.

On the facts presented, we find Brown's performance was "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Accordingly, we need not reach the issue of prejudice.

## III. Conclusion

For the reasons stated above, we DENY Taylor's application for a certificate of appealability. Taylor's motion to proceed *in forma pauperis* is DENIED.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge